GRAND RAPIDS & INDIANA RAILROAD CO. *v.* CHEBOYGAN CIRCUIT JUDGE.

1. MANDAMUS—CHANGE OF VENUE—MOTIONS.

On a motion for a change of venue alleging local prejudice, which was denied by the finding and return of the circuit judge, the framing of an issue of fact will not be compelled by writ of mandamus, and the trial delayed until its determination.

2. SAME—VENUE—WAIVER OF RIGHT TO CHANGE.

Setting a cause for trial on a day certain at the relator's request operates as a waiver of the right to review a previous refusal to grant a change of venue.

3. SAME—DISCRETION TO DENY CHANGE OF VENUE—STATUTES.

The statutes authorizing a change of venue on motion do not require the granting of the motion as an imperative right. Act No. 67, Pub. Acts 1909.

4. CONSTITUTIONAL LAW—AMENDMENT OF STATUTES.

Act No. 67, Pub. Acts 1909, which contains a proviso that a change of venue may be procured on motion in causes pending in the manner provided by 1 Comp. Laws, § 309, as amended by Act No. 309, Pub. Acts 1905, does not re-enact the repealed provisions of such Act No. 309, in view of the constitutional prohibition against a revision or amendment by mere reference to an act.

Mandamus by the Grand Rapids & Indiana Railroad Company to compel Frank Shepherd, circuit judge of Cheboygan county, to vacate an order denying a change of venue. Submitted November 16, 1909. (Calendar No. 23,638½.) Writ denied December 10, 1909.

*James H. Campbell*, for relator.

*Benjamin & Quay* (*De Vere Hall*, of counsel), for respondent.

MONTGOMERY, J. This is an application for a mandamus to compel the respondent to enter an order removing the case of James Foley against the relator from Cheboygan county to Emmet county for trial. It is claimed, *first*, that upon the affidavit being filed, showing that the plaintiff in such action has an undue influence on the citizens of Cheboygan county, it became the imperative duty of the court, as a matter of law, to grant the motion for change of venue, on the authority of *Preston Nat. Bank* v. *Wayne Circuit Judge*, 142 Mich. 272 (105 N. W. 757); and, *second*, that the circuit judge was guilty of an abuse of discretion in failing to grant the motion.

The return of the circuit judge shows that he was not convinced that there was any prejudice against the defendant in Cheboygan county, or that it could not have a fair trial, and went further and stated that, while a trial at the Emmet circuit would be more convenient for the witnesses, there was more likely to be prejudice there against the plaintiff than there was to be prejudice against the defendant in Cheboygan. Upon this return the petitioner has asked that an issue be framed. We think upon this question the case of *Lyle* v. *Cass Circuit Judge*, 157 Mich. 33 (121 N. W. 306), should be held controlling. It would be unseemly that an issue of fact should be raised upon the return of the circuit judge, and this case delayed in the circuit until that question should be tried. If any right exists to review such an order by writ of mandamus, the return of the circuit judge, showing, as it does, that

counsel for defendant procured the case to be set down for a day certain for trial, would be sufficient to waive that right.

But it is contended that, as a matter of law, the circuit judge erred in refusing to grant this motion; in other words, that upon the filing of the affidavit in support of the motion it became his imperative duty to grant the motion, and that the facts stated in the affidavit could not be controverted. Such we held was the effect of section 10, Act No. 309, of the Public Acts of 1905, an act which the legislature very wisely amended at the next session of the legislature, by Act No. 161, Pub. Acts 1907. It is claimed, however, that by Act No. 67, Pub. Acts 1909, the legislature by a proviso has re-enacted the provisions of the act of 1905. This proviso reads as follows:

" In any and all suits, proceedings, causes or actions now pending in any of the circuit courts of this State, whether the court has general or special jurisdiction, a change of venue may be had in the manner provided and in accordance with said section ten of act number one hundred fifty-seven of the public acts of eighteen hundred fifty-one, as amended by said act number three hundred nine of the public acts of nineteen hundred five, and the provisions of said act shall be continued in full force and effect for such purpose."

Whether the reference to the amendment of 1907 was left out of this proviso by inadvertence, it is impossible to say. Certainly, if the effort was by this proviso to repeal the provisions of the act of 1907, which materially modified the act of 1905, it is in direct conflict with the provisions of section 21 of article 5 of the Constitution, which provides that no law shall be revised, altered, or amended by reference to the title amended, but the act revised and the section or sections of the act altered or amended shall be re-enacted and published at length. This clearly was not done. The act as it stood after the amendment of 1907 was, under the relator's contention, repealed without any attempt to re-enact or publish the original act of 1905

at length.    The legislature has not accomplished the result of re-enacting the law of 1905.    We doubt very much whether such was the legislative intent.

The writ of mandamus will be denied.

Ostrander, Hooker, Moore, and McAlvay, JJ., concurred.