WALZ *v.* PENINSULAR FIRE INSURANCE CO.

1. INSURANCE — SECOND MORTGAGE WITHOUT NOTICE TO INSURER DOES NOT AVOID POLICY.

> Where a fire insurance policy is made payable to a mortgagee "as interest may appear," a second mortgage taken by such mortgagee without notice to insurer will not avoid the policy, since the words quoted refer to the mortgagee's interest at the time of loss.

2. NEW TRIAL—VERDICT NOT AGAINST GREAT WEIGHT OF EVIDENCE.

> Verdict *held,* not against the great weight of the evidence.

Error to Washtenaw; Sample (George W.), J.   Submitted October 27, 1922.   (Docket No. 102.)   Decided December 29, 1922.   Reargued April 26, 1923.   Former opinion affirmed June 21, 1923.

Assumpsit by · William L. Walz, trustee, and another against the Peninsular Fire Insurance Company of America on a policy of insurance.   Judgment for plaintiffs.   Defendant brings error.   Modified and affirmed.

*Henry C. Walters* (*Arthur P. Hicks* and *Frank B. De Vine,* of counsel,) for appellant.

*Cavanaugh & Burke* (*James O. Murfin,* of counsel), for appellees.

CLARK, J.   A rehearing was granted in this case for the reason that in paragraph 9 of the opinion, reported in 221 Mich. 326, the case of *Lindemann* v. *Insurance Co.,* 217 Mich. 698, is cited as decisive of the question there discussed.   It is not.   That Act No.

On procuring of insurance by mortgagee as a violation of provision in policy of mortgagor against other or additional insurance, see note in L. R. A. 1917A, 607.

128, Pub. Acts 1911 (2 Comp. Laws 1915, § 9481), was repealed by Act No. 256, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 9100 [1-339]), and not re-enacted until the taking effect of Act No. 264, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9100 [254]), was overlooked, the policy having issued and the loss having occurred during the interval between the repeal of Act No. 128 and the enactment of Act No. 264.

The former opinion states:

"The plaintiff Ann Arbor Savings Bank, a Michigan corporation, is named in a loss payable clause as payee as its mortgage interest may appear. The policy in the case at bar is dated October 8, 1920. The loss payable clause was attached or indorsed October 27, 1920. On both of these dates the mortgage interest of the bank was $50,150 excluding interest. On December 4, 1920, the bank took another mortgage of $25,000 given by Mrs. Goffe and also signed by her husband, Jacob Goffe."

It is now insisted that the mortgage of December 4, 1920, covering the property insured violated the provisions of the policy respecting change of interest and respecting incumbrances. See chapter 2, part 4, Act No. 256, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 9100 [238-254]). The rule applicable is stated in the text of 26 C. J. p. 231:

"Where a policy is made payable to a mortgagee 'as interest may appear' a second mortgage taken by such mortgagee without notice to insurer will not avoid the policy, since the words quoted refer to the mortgagee's interest at the time of loss."

See *Fenton* v. *Fire Ass'n*, 60 Wash. 389 (111 Pac. 343). The loss payable clause protected the interest of the mortgagee as to its mortgages covering the property so insured and so mortgaged, whether real or personal, determined as of the time of the loss.

The mortgage in question, because of the loss payable clause, avoided none of the insurance.

Counsel again earnestly urge that the verdict is against the great weight of the evidence. The trial judge, on the motion for a new trial, and we, on the former hearing, held that it was not. On further consideration we adhere to our former holding.

The judgment is affirmed in accordance with our former opinion.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.