ROGOSKI *v.* STREETER.

1. CONTINUANCE—DEPOSITIONS.

A continuance of a jury trial for a sufficient time within which to enable plaintiff to take depositions to be introduced at the trial was proper, but when such time has elapsed no further continuance may be claimed.

2. VENUE—CHANGE—PREJUDICE—PUBLICITY—WILL CONTEST.

Showing made as to necessity for change of venue before attempt at drawing a jury in will contest *held,* insufficient, under evidence presented that testatrix, a practicing physician, left a large estate, that there was attendant publicity claimed to be unfavorable to proponent, that the court appointed a guardian *ad litem* to contest the will, that special counsel was employed to work with the prosecuting attorney, and that it does not appear there was any animus or prejudice on the part of those concerned, the matter of change of venue being entitled to consideration again if it appears a fair-minded jury is not obtainable at time case proceeds to trial.

3. MANDAMUS—CHANGE OF VENUE.

An order denying a motion for change of venue will not be set aside in a mandamus proceeding unless the factual situation presented is such as to raise no reasonable question as to the right to such relief.

4. VENUE—SPECULATION—MANDAMUS—JUSTICE.

Resort may not be had to speculation as to what may or may not happen on the trial of the case in which a party moves for a change of venue, it being necessary in mandamus proceeding to show a clear legal right to the granting of such motion by a showing that the actual facts necessitate a change of venue in the interests of justice.

REFERENCES FOR POINTS IN HEADNOTES

[1]  12 Am Jur, Continuances § 28.
[2]  56 Am Jur, Venue § 56.
[3, 4]  56 Am Jur, Venue § 75.

Mandamus by Alexis J. Rogoski, proponent of the last will and testament of Lunette I. Powers, deceased, against Halford I. Streeter, a circuit judge assigned to Muskegon, to compel grant of continuance and change of venue in pending jury case involving will contest. Temporary order entered holding trial in abeyance. Submitted April 25, 1961. (Calendar No. 49,238.) Writs denied June 28, 1961, and pending cause remanded for further proceeding. Opinions filed September 22, 1961.

*Oscar E. Waer* and *John C. Cary,* for plaintiff.

*Harry J. Knudsen,* Muskegon Prosecuting Attorney, for defendant.

Per Curiam. This mandamus proceeding has resulted from litigation pending in the Muskegon county circuit court with reference to the validity of the will of Lunette I. Powers, deceased. The general nature of such litigation is indicated in the decision of this Court in *In re Powers Estate,* 362 Mich 222. Plaintiff in the instant proceeding was the proponent of the will in question and the defendant circuit judge was assigned to try the case before a jury. Counsel for proponent, date having been set for trial, moved for a continuance for such time as might be necessary to enable the taking of depositions to be introduced on the trial. A motion was also submitted for a change of venue, it being claimed on behalf of proponent that because of publicity given to the case by newspapers, and otherwise, a fair trial before a jury could not be had in Muskegon county.

The motions were denied, and thereupon proponent filed in this Court a petition for orders requiring the defendant circuit judge to show cause why a writ should not issue granting the continuance sought and to direct the granting of the motion for

change of venue. An order was issued by this Court under date of March 24, 1961, reciting that no action by the Court with reference to the motion for change of venue was required at that time, but directing that the defendant show cause on or before April 4, 1961, why an order should not be entered granting a continuance for such length of time as might be required to permit the taking, returning and filing of the depositions referred to in plaintiff's petition. It was further provided that the trial of the case should be held in abeyance pending the further order of this Court. Return to the order to show cause was duly made and the motion was submitted on the pleadings and briefs filed in the matter.

Proceeding on the assumption that a sufficient length of time had intervened to allow the taking of the desired depositions and causing them to be filed in the circuit court, an order was duly entered by this Court under date of June 28, 1961, setting aside the provision of the prior order with reference to the trial of the case and vacating the order to show cause. It was further set forth therein that plaintiff's application for writ of mandamus to compel the granting of the motion for change of venue was denied, and the case was remanded to the circuit court for further proceedings. The order as entered indicated that an opinion would be filed later with reference to the matters at issue.

The order to show cause was granted by this Court on the ground that counsel for proponent was entitled to a reasonable opportunity to take the desired depositions and have them duly returned and filed prior to the commencement of the trial. A sufficient period therefor has elapsed, and no further continuance for the purpose stated can reasonably be claimed. As noted, the order issued was based on that assumption, and no further discussion thereof is necessary.

Counsel for plaintiff have argued at some length in their brief that their motion for change of venue should have been granted by the trial court, and that this Court should issue its writ so directing. Some emphasis is laid on the claim that newspapers published and circulating in Muskegon county have given publicity to the case, unfavorable to plaintiff, and that for such reason a fair and impartial jury trial may not be had. Attention is also called to the fact that the county board of supervisors has authorized the employment of special counsel to work with the prosecuting attorney of said county in contesting the probate of the will of Mrs. Powers. It is insisted that the references made have tended to create the impression that county officials are opposed to the probating of the will, and that the action of the circuit judges of the county in appointing a guardian *ad litem* to contest said will might be construed as an indication that in their opinion the will should not be allowed.

Apparently the will contest is following the customary pattern of such cases. The estate involved is quite large, the testatrix in her lifetime was a practicing physician, and quite naturally some measure of publicity should be expected. Our examination of the showing made in support of the averments of plaintiff's petition does not suggest that any animus or prejudice on the part of those concerned has been established with any degree of certainty. We cannot base a conclusion, on the factual showing here made, that a fair-minded jury cannot be obtained in Muskegon county or that such jury will permit itself to be influenced by what its members may have read in a newspaper or have heard stated in casual conversation. Under such circumstances the case should proceed to trial and if it then appears that a jury of the character to which the parties are entitled cannot be obtained the question

of a change of venue may be raised again, based on the situation then existing.

Questions of this character have been before this Court in prior litigation and the general rule seems to be well recognized that an order denying a motion for a change of venue will not be set aside in a mandamus proceeding unless the factual situation presented is such as to raise no reasonable question as to the right to such relief. In *Grand Rapids & Indiana R. Co.* v. *Cheboygan Circuit Judge*, 159 Mich 210, the Court declined to frame an issue to be tried on the question of the alleged prejudice against the railroad company in Cheboygan county.

In *Walz* v. *Peninsular Fire Ins. Co.*, 221 Mich 326, the plaintiff brought action to recover on a policy of fire insurance issued by defendant. The insurance company moved for a change of venue on the ground that unfavorable publicity had been given to it in the newspapers circulating within the county. The Ann Arbor Savings Bank held a mortgage on the property destroyed and was accordingly interested in the case. Certain individuals had been arrested charged with burning the property covered by the policy in an attempt to defraud the insurance carrier. Such parties were bound over to the circuit court for trial following an examination, but after some delay the case was dismissed as to all defendants. The situation in this respect was called to the attention of the court by defendant's motion for change of venue, which the trial court denied. Such denial was alleged as error on the appeal to this Court. Commenting thereon, in rejecting the claim of error, it was said, in part (p 333):

"These criminal proceedings in their various incidents were attended by the usual reports in the newspapers of the city in part to the effect that it had been said that the insurance companies were back

of the prosecution in an effort to hinder the civil cases, that the companies were hard pressed for evidence, that bribery had been charged, et cetera. Defendant moved to change the venue, supporting such motion by copies of the press reports of the criminal proceedings, a list of stockholders of plaintiff bank, chiefly residents of the city, and affidavits of counsel and others asserting that a fair trial could not be had in the county. There was a counter showing by affidavits of residents of the city. The motion was denied. From time to time throughout the trial at the suggestion of counsel on both sides the number of spectators in attendance at the trial was noted in the record. The average daily attendance of the observations made was 9."

It may be noted that the decision in said case was affirmed on rehearing in *Walz v. Peninsular Fire Ins. Co.*, 223 Mich 417.

We think the cases cited, and others of like nature, indicate the position that this Court has uniformly taken in cases where relief is sought from an order of a trial court denying a motion for a change of venue. Resort may not be had to speculation as to what may or may not happen on the trial of the case in which such motion is made. A clear legal right to the granting of the motion must be established by a satisfactory showing that the actual facts necessitate a change of venue in the interests of justice. Such requirement is sound in principle and is in accordance with the generally recognized rule governing the issuance of mandamus to require the granting of a motion of the character involved in the instant proceeding. In the order heretofore entered the application for the writ of mandamus was denied because the showing made in support thereof did not establish plaintiff's right to the extraordinary writ sought.

DETHMERS, C. J., and CARR, KELLY, TALBOT SMITH, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

BLACK, J. (*concurring*). Our order of June 28, 1961,* denied finally this manifestly dilatory petition for mandamus to compel continuance and change of venue. By our misfortunate order to show cause, issued upon that petition March 24, 1961, the proponent's request below, for continuance "until some day subsequent to May 28, 1961," has exceeded his most sanguine expectation.

In these collected circumstances I see no need for consideration of mooted rules relating to changes of venue. Whether the proponent will or will not be able to find some new cause for change of venue is outright speculation, and that we should leave for more pressing work of justiciable nature.

In the words of Mr. Justice WIEST (*Attorney General, ex rel. Eaves,* v. *State Bridge Commission,* 277 Mich 373, 386), I stand upon our order of June 28th "and, therefore, do not join in the expatiation."

---

* "In this cause the prior order of this Court holding in abeyance the trial until the further order of this Court in the premises is terminated and set aside, and the order to show cause is vacated. It is further ordered that plaintiff's application for a writ of mandamus to compel the granting of a motion for a change of venue of the trial of the case is denied; and the case is remanded to the circuit court of Muskegon county for further proceedings therein. An opinion covering the matter set forth herein will be filed later."