BOULET v BRUNSWICK CORPORATION

Docket Nos. 52084, 52213. Submitted May 5, 1981, at Detroit.—Decided July 7, 1981.

Laurent Boulet, individually and as next friend of David Boulet, brought an action for damages in Wayne Circuit Court against the Brunswick Corporation and Lawrence Kaye for injuries in a high school football game which left David Boulet a quadriplegic. While most of the intended witnesses reside in Macomb County and the accident occurred in Macomb County, the action was brought in Wayne County because of the fact that the resident agent of Brunswick Corporation was located in Wayne County. Defendants moved in Wayne Circuit Court to have venue changed to Macomb County for the convenience of the parties and witnesses. John H. Hausner, J., granted the change of venue to Macomb County. Plaintiff did not appeal the Wayne Circuit Court's order changing venue but rather filed a motion in Macomb Circuit Court seeking that venue be returned to Wayne Circuit Court. George Deneweth, J., chief judge of the Macomb Circuit Court, returned venue to Wayne Circuit Court on the basis that the Wayne Circuit Court failed to satisfy the requirement of the Manual for Court Administration that the transferor court consult with the chief judge or court administrator of the transferee court before granting a change of venue. Defendants separately sought leave to appeal, both applications for leave being granted. The appeals were consolidated for hearing. *Held:*

A court to which venue is transferred where venue is properly laid has no authority to refuse to accept that change of venue. The propriety of an order of change of venue must be tested in an appeal to the Court of Appeals not by a motion in the transferee court seeking a return of venue to the transferor

REFERENCES FOR POINTS IN HEADNOTES

[1] 77 Am Jur 2d, Venue § 64.

Construction and effect of statutory provision for change of venue for the promotion of the convenience of witnesses and the ends of justice. 74 ALR2d 16.

[2] 77 Am Jur 2d, Venue §§ 84, 85.

[3] 20 Am Jur 2d, Courts § 85.

court. The violation of an administrative guideline promulgated by the State Court Administrative Office upon which the Macomb Circuit Court relied in its refusal to accept venue does not render the action of the Wayne Circuit Court null and void. The Macomb Circuit Court should have accepted venue.

Reversed.

1. VENUE — CHANGE OF VENUE — COURT RULES.

The inconvenience of the parties and witnesses is a proper basis on which a decision for change of venue may be based (GCR 1963, 403).

2. VENUE — CHANGE OF VENUE — COURTS — APPEAL.

A court to which venue is transferred for the convenience of the parties and witnesses has no authority to refuse to accept the change of venue; the propriety of an order of change of venue is to be tested by an appeal of the transferor court's order not by a motion in the transferee court seeking a return of venue back to the transferor court, the transferee court being without authority to make such order of return.

3. COURTS — COURT ADMINISTRATION.

The provisions of the Manual for Court Administration are in the nature of guidelines for efficient administration of Michigan courts; however, those procedures do not have the force of law such as will render the acts of a court failing to adhere to such guidelines null and void.

*Frimet, Bellamy, Gilchrist & Hehle, P.C.,* for plaintiffs.

*Harvey, Kruse, Westen & Miland, P.C.* (by *Thomas R. Bowen),* for defendant Brunswick Corporation.

*Buchanan, Ogne & Jinks, P.C.* · (by *Wayne L. Ogne* and *Michael J. Hutchinson),* for defendant Kaye.

Before: BASHARA, P.J., and N. J. KAUFMAN and J. L. BANKS,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendants appeal an order of the chief judge of Macomb County Circuit Court which rejected a change of venue from Wayne County Circuit Court and ordered venue returned to Wayne County.

Plaintiff, individually and as next friend of David Boulet, commenced this action on July 19, 1979, in Wayne County Circuit Court. David Boulet was rendered a quadriplegic after sustaining serious injuries during a high school football game in which he was participating as a player for Warren Woods High School. Defendant Lawrence Kaye is the high school football coach. Defendant Brunswick Corporation is the manufacturer of the football helmet worn by David Boulet at the time of the accident. Plaintiff alleges that Kaye failed to adequately instruct, supervise, and train David Boulet to participate in the high school football program and that such failure proximately caused David Boulet's injuries. Plaintiff also contends that the football helmet manufactured by Brunswick was defective and that said defects contributed to David Boulet's disabling injuries.

Both defendants filed motions to change venue to Macomb County Circuit Court pursuant to GCR 1963, 403.

At the hearing on the motion, it was conceded by all parties that venue was properly laid in either Wayne or Macomb Counties. The record reveals that the accident occurred in Macomb County. Furthermore, most of the intended witnesses, including plaintiff and David Boulet, reside in Macomb County. Venue was originally properly placed in Wayne County because the resident agent for Brunswick was located in Detroit, MCL 600.1627; MSA 27A.1627.

The court ruled that trial in Macomb County

would be more convenient than in Wayne. An order was issued transferring venue. Plaintiff did not appeal the order to this Court. Rather, they filed a motion in Macomb County Circuit Court seeking return of venue to Wayne County.

The chief judge of the Macomb County Circuit Court ruled that he had a duty to supervise case flow management under GCR 1963, 925. He opined that it was his obligation to insure that cases were not placed upon the circuit court's docket in a manner contrary to law. It was held that the change of venue was void *ab initio* because the Wayne County judge did not comply with the requirements established in the Manual for Court Administration-Michigan, § 2000, ch 3, ¶ I-C, pp 2081-2082 (October 1, 1978), which in pertinent part provides:

"A judge should not order a change of venue without consulting the chief judge or court administrator of the court to which venue is being changed concerning scheduling of the case and other important matters. Unless grounds for disqualification exist, a judge changing venue in a case is expected to accompany the case and conduct the trial."

The chief judge returned venue to Wayne County with instructions to consult with him or the court administrator before transferring venue in the future.

Defendants appeal, alleging that the chief judge of the Macomb County Circuit Court exceeded his authority by refusing to accept the transfer of venue. We agree and order that the matter be returned to the Macomb County Circuit Court.

Since venue is proper in either county, GCR 1963, 403 is controlling. It states:

"The venue of any civil action properly laid, or of an appeal from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules and regulations, may be changed to any other county by order of the court upon timely motion by one of the parties, for convenience of parties and witnesses, or, in the case of appellate review of the administrative proceedings aforementioned, for convenience of counsel, or when an impartial trial cannot be held in the county wherein the action is pending."

Accordingly, inconvenience to the parties and witnesses is a proper basis for change of venue under the court rule. Change of venue orders are properly appealed to this Court for review. *Rogoski v Streeter,* 364 Mich 115; 110 NW2d 617 (1961), *Hunter v Doe,* 61 Mich App 465, 467; 233 NW2d 39 (1975).

We find no authority that empowers the transferee court to refuse change of venue properly laid pursuant to GCR 1963, 403. Thus, the issue of whether the Wayne County Circuit Court abused its discretion in finding Macomb a more convenient forum was not properly before the Macomb bench and is not before us on appeal.

On the other hand, there is some authority allowing the transferee court to reject a transfer of venue where it would be improperly laid. *Cf. Eigner v Eigner,* 79 Mich App 189; 261 NW2d 254 (1977). However, we find that case distinguishable as here venue was properly placed in either Wayne or Macomb Counties. In sum, where there are two or more counties which have proper venue, an order changing venue by the transferring court may not be subsequently set aside by another circuit judge. The proper remedy is appeal of the transferring court's order.

The chief judge in the case at bar based his

refusal to accept the case on what he considered to be a violation of the Manual for Court Administration. He considered the failure to notify him or his administrator of the transfer as rendering the change void.

We disagree. The manual does not have the force and effect of a court rule, statute, case law or properly promulgated administrative rule. It contains guidelines for efficient administration of this state's courts. Although it is highly desirable that all judges follow the procedures established in the manual, including § 2000, the failure to comply does not render the action void. Furthermore, even if the manual had been properly incorporated into the administrative code or court rules, the provision merely states that the transferor-judge *should* notify the transferee court before changing venue. Thus, the language is not mandatory and no clear violation of the provision has been established.

We reverse the order of the Macomb County Circuit Court and reinstate the order of the Wayne County Circuit Court, placing venue in Macomb County.

No costs.