*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHANNON MARTIN, M.D., and DOUGLAS
MARTIN,

        Plaintiffs/Counterdefendants-
        Appellees,

v

DARREN HATHAWAY, M.D., and SOUTH
MICHIGAN OPHTHALMOLOGY, PC,

        Defendants/Counterplaintiffs-
        Appellants.

UNPUBLISHED
September 8, 2022

No. 356869
Calhoun Circuit Court
LC No. 2019-001100-CB

Before: BORRELLO, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendants, Darren Hathaway, M.D., and his practice, South Michigan Ophthalmology, PC, appeal by leave granted[1] the trial court's order recusing itself from the case and granting the motion by plaintiffs, Shannon Martin, M.D., and her husband, Douglas Martin, requesting a change of venue.[2] For the reasons set forth in this opinion, we reverse the trial court's decision, vacate its order, and remand for further proceedings.

## I. BACKGROUND

Plaintiffs initiated this action in Calhoun County generally alleging, among other things, that Dr. Hathaway tortiously interfered with Dr. Martin's contract and business expectations for employment with Oaklawn Hospital by "urging and coercing" the board of Oaklawn Hospital not to approve Dr. Martin's contract for employment. After the litigation had been proceeding for

---

[1] See *Martin v Hathaway*, unpublished order of the Court of Appeals, entered June 9, 2021 (Docket No. 356869).

[2] For ease of reference, we refer to Dr. Shannon Martin as "Dr. Martin," we refer to Douglas Martin as "Martin," and we refer to them collectively as plaintiffs.

almost two years, defendants amended their witness list to include a retired Calhoun County district court judge who apparently was both a previous and current member of Oaklawn Hospital's board.

Plaintiffs subsequently moved for a change of venue under MCR 2.222(A), asserting that they could not have an impartial trial in Calhoun County as a result of the retired judge's involvement. In their brief in support of the motion, plaintiffs asserted that Oaklawn Hospital had aligned itself with defendants because plaintiffs had also named the hospital as a defendant in a pending qui tam action that plaintiffs brought in federal court. They claimed that the addition of the retired district court judge as a witness gave defendants an incalculable unfair advantage in the case and compromised the ability of any judge in the county to preside over a trial in which he testified. Plaintiffs also asserted that the retired judge had become a current member of the Oaklawn Hospital board after the instant litigation had been initiated. Plaintiffs further claimed that defendants were strategically attempting to leverage the retired judge's "familiarity to and insight into this bench and his influence in Calhoun County in their favor." According to plaintiffs, the situation was "fraught with the appearance of impropriety no matter which Calhoun Circuit Judge presides over this case."

In response, defendants claimed that they added the retired judge to their witness list only after learning that he had previously been a member of the hospital's board and that they simultaneously added other former board members to their witness list. Defendants also claimed to have been unaware that the retired judge had become a member of the current board. They stated as well that ethics opinions demonstrate that there is no basis for disqualification of a trial judge simply because another judge from the trial judge's court is a witness when the trial judge is not sitting as the trier of fact in the matter.

Defendants further argued that plaintiffs had not established prejudice that would justify a change of venue. Defendants noted that plaintiffs had not presented any evidence to support their claim that they could not receive a fair trial in Calhoun County. The fact that the retired judge was supposedly well known in the community was not, defendants argued, sufficient grounds by itself to show that an impartial jury could not be selected or that an impartial trial could not be had in Calhoun County. Finally, defendants offered to remove the retired judge from their witness list if the court were to determine that a conflict existed.

At the hearing on the motion, the trial court noted that the motion was captioned as a motion for a change of venue, but it stated that it also understood the motion to be seeking disqualification of the trial judge. Plaintiff's counsel clarified, "To be clear, Judge, we are not asking you to disqualify yourself. We are indicating that the entire court is disqualified in this case, due to [the retired judge's] involvement."

After hearing oral arguments, the trial court indicated that it would grant the motion. The court explained that the retired judge had served on the bench for a long time, was well known, and well respected in Calhoun County. The trial court stated that there was "probably no doubt" that many prospective jurors would know the retired judge. The trial court assured the parties that the retired judge's "involvement and potential presence at the trial would have no impact or affect upon [it]." The court also stated that—were it solely a matter of impropriety, prejudice, or bias— there would not be any in this case. Nevertheless, the court felt that the appearance of impropriety

was an important factor to consider. The trial court acknowledged that it was not the trier of fact in this case but also reiterated that there was a "potential for influence" on the jury arising from the retired judge's involvement. Accordingly, the trial court felt it appropriate to recuse itself and order a change in venue. Although the trial court declined to disqualify the judiciary for the entire county, it noted that it was the only business court judge in the county.

## II. VENUE

### A. STANDARD OF REVIEW

This Court reviews de novo whether the trial court properly interpreted and applied the relevant statutes and court rules. *New Prod Corp v Harbor Shores BHBT Land Dev, LLC*, 308 Mich App 638, 644; 866 NW2d 850 (2014). This Court reviews the factual findings underlying the trial court's application of a court rule for clear error. *Johnson Family Ltd Partnership v White Pine Wireless, LLC*, 281 Mich App 364, 387; 761 NW2d 353 (2008). A finding is clearly erroneous when this Court is left with the definite and firm conviction that the trial court made a mistake. *Id.* Finally, this Court reviews for an abuse of discretion a trial court's ultimate decision on a motion for a change of venue premised on an alleged inability to obtain a fair trial in the current venue. See *Twp Bd of Hillman Twp v Empire Mut Fire Ins Co of Mich*, 253 Mich 394, 398-399; 235 NW 194 (1931); *Kohn v Ford Motor Co*, 151 Mich App 300, 305; 390 NW2d 709 (1986). A trial court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes. See *Mitchell v Kalamazoo Anesthesiology, PC*, 321 Mich App 144, 153-154; 908 NW2d 319 (2017). However, a trial court necessarily abuses its discretion when it premises its decision on an error of law. See *Gay v Select Specialty Hosp*, 295 Mich App 284, 292; 813 NW2d 354 (2012).

### B. ANALYSIS

Defendants argue that plaintiffs' motion to change venue was based on mere speculation and that plaintiffs did not provide any evidence that the retired judge was so well known in Calhoun County that an impartial jury could not be selected. Defendants thus maintain that plaintiffs failed to meet their burden to show that an impartial trial could not be had in Calhoun County based on the retired judge's potential participation as a witness.

Traditionally, the laws governing venue served to ensure that the proceedings were held in the most convenient forum. See *Gross v Gen Motors Corp*, 448 Mich 147, 155; 528 NW2d 707 (1995). In resolving this venue dispute, we note that "venue is simply the location of trial, and its determination should only concern the selection of a fair and convenient location where the merits of a dispute can be adjudicated." *Id.* at 156.

The parties in this case do not dispute that venue was properly laid initially in Calhoun County. When venue is proper in a particular county, a trial court may only change the venue "on motion of a party." MCR 2.222(B). Pursuant to MCR 2.222(A), "[t]he court may order a change of venue of a civil action . . . for the convenience of parties and witnesses or when an impartial trial cannot be had where the action is pending." In this case, plaintiffs argued that a change in venue was warranted because the inclusion of the retired judge as a witness made it so that they could not have an impartial trial in Calhoun County.

-3-

The party moving for a change of venue under MCR 2.222(A) bears the burden to establish grounds justifying the change of venue. See *Kohn*, 151 Mich App at 305. When asserting that the change is warranted because the moving party cannot receive a fair and impartial trial in the county, the moving party must come forward with evidence that shows that a "fair-minded jury cannot be obtained" in the county. See *Rogoski v Streeter*, 364 Mich 115, 118; 110 NW2d 617 (1961). The moving party may not rely on speculation but must instead demonstrate a "clear legal right to the granting of the motion . . . by a satisfactory showing that the actual facts necessitate a change of venue in the interests of justice." *Id*. at 120. In the absence of such evidence, the proper procedure is to proceed to voir dire; if it appears that an impartial jury cannot be obtained at that time, then the matter of a change in venue can be raised again on the facts then evident. *Id*. at 118-119.

In support of their motion for a change in venue, plaintiffs only cited evidence that the retired judge had been added to defendants' witness list and cited information about the retired judge's career related in an article from a local media outlet reporting on the judge's retirement. Although it was undisputed that the judge had served on the district court in the community for decades, plaintiffs did not present any evidence tending to suggest that members of the community held such strong views about this judge that plaintiffs would be unable to select an impartial jury from a venire drawn from the population of Calhoun County on the basis of his participation as a witness in the trial. Plaintiffs offered only speculation in support of their motion, and speculation does not amount to a satisfactory showing that the actual facts necessitate a change of venue in the interests of justice. See *Rogoski*, 364 Mich at 120. The trial court justified its decision by improperly resorting to similarly speculative concerns about "potential" influence on prospective jurors as a result of the retired judge's positive reputation, without any evidence that an impartial jury could not actually be obtained in the county. See *id*. at 118, 120.

Plaintiffs nonetheless argue that a change of venue is warranted under MCR 2.222 because the retired judge's participation as a witness created "an appearance of impropriety" for any trial judge from Calhoun County to preside over the trial in this case. Although the court rule permits a change of venue when the facts show, generally, that "an impartial trial cannot be had where the action is pending," MCR 2.222(A), the question whether the presiding judge "has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct" is directed at determining whether the presiding judge should be disqualified from the matter, see MCR 2.003(C)(1)(b)(ii). The procedures applicable to a motion for disqualification of a judge are contained within MCR 2.003(D). Specifically, if a motion for disqualification is granted "[f]or courts other than the Supreme Court . . . the action must be assigned to another judge *of the same court, or, if one is not available, the state court administrator shall assign another judge*." MCR 2.003(D)(4)(a) (emphasis added). Hence, even if the trial court in this case were correct in deciding that it should recuse itself, the court rule is explicit in stating the proper course of action, which does not include ordering a change in venue. MCR 2.003(D)(4)(a).[3]

---

[3] Regardless, as will be explained later in this opinion, the trial court also erred in determining that it should recuse itself. We therefore need not address the apparent concern about the trial judge in this case being the only business court judge in the county.

The trial court committed legal error by failing to apply the proper legal standards in deciding plaintiff's motion to change venue, and the trial court thus necessarily abused its discretion when it granted the motion. *Gay*, 295 Mich App at 292.

## III. DISQUALIFICATION OF JUDGE

### A. STANDARD OF REVIEW

"This Court reviews for an abuse of discretion a trial court's factual findings regarding a motion for disqualification while its application of the facts to the law is reviewed de novo." *TT v KL*, 334 Mich App 413, 431; 965 NW2d 101 (2020). See also *Czuprynski v Bay Circuit Judge*, 166 Mich App 118, 124; 420 NW2d 141 (1988) (stating that appellate review of "an order granting or denying recusal of a trial judge for bias or prejudice is for abuse of discretion and the record must show actual bias or prejudice"). We review de novo questions of law, such as the proper interpretation and application of a court rule. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009).

### B. ANALYSIS

Defendants argue that the trial court also reversibly erred by recusing itself.

"Due process requires that an unbiased and impartial decision-maker hear and decide a case." *TT*, 334 Mich App at 431 (quotation marks and citation omitted). This Court presumes that a judge is unbiased, and the party moving to recuse has the heavy burden of overcoming that presumption. See *Cain v Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996).

MCR 2.003(C)(1) provides a nonexhaustive list of the grounds that warrant disqualification of a judge:

> (a) The judge is biased or prejudiced for or against a party or attorney.
>
> (b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, [556 US 868]; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct.
>
> (c) The judge has personal knowledge of disputed evidentiary facts concerning the proceeding.
>
> (d) The judge has been consulted or employed as an attorney in the matter in controversy.
>
> (e) The judge was a partner of a party, attorney for a party, or a member of a law firm representing a party within the preceding two years.
>
> (f) The judge knows that he or she, individually or as a fiduciary, or the judge's spouse, parent or child wherever residing, or any other member of the

judge's family residing in the judge's household, has more than a de minimis economic interest in the subject matter in controversy that could be substantially impacted by the proceeding.

(g) The judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(*i*) is a party to the proceeding, or an officer, director, or trustee of a party;

(*ii*) is acting as a lawyer in the proceeding;

(*iii*) is known by the judge to have a more than de minimis interest that could be substantially affected by the proceeding;

(*iv*) is to the judge's knowledge likely to be a material witness in the proceeding.

In this case, the trial judge unequivocally stated that he was not biased and could preside over a trial that involved his former colleague though from a different court as a witness; and there is no indication in the record that the trial judge's statement was inaccurate. As such, there was no basis for disqualifying the judge under MCR 2.003(C)(1)(a). There was similarly no evidence to support the court's disqualification under MCR 2.003(C)(1)(c), (d), (e), (f), or (g). Instead, the only basis for the trial court's decision to recuse itself involved the alleged appearance of impropriety occasioned by presiding over a trial in which a former judicial colleague might testify as a witness. That ground implicated MCR 2.003(C)(1)(b)(ii).

Under the judicial canons, a judge must "avoid all impropriety and appearance of impropriety." Code of Judicial Conduct, Canon 2(A). As this Court has explained, "[a]n appearance of impropriety may arise when the conduct of a judge would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired." *TT*, 334 Mich App at 433 (quotation marks and citation omitted). Notably, there is no indication in the record that the trial judge engaged in acts that might create in reasonable minds a perception that the judge was unable to carry out his responsibilities with integrity, impartiality, and competence. See *id*. Rather, the sole evidence was that the trial judge would preside over a trial in which a former judicial colleague might be called as a witness and that this former colleague sat on the board of an entity that was involved in the case, although not a party to the case.

In deciding whether recusal was warranted under those circumstances, we find guidance in ethics opinions issued by the State Bar of Michigan. See *People v Delongchamps*, 103 Mich App 151, 156; 302 NW2d 626 (1981).

The State Bar has indicated that a judge's mere acquaintanceship with a party or lawyer appearing before the judge is not enough to warrant disqualification under the Code of Judicial Conduct. Rather, whether the judge must recuse himself or herself depends on the nature of the

relationship between the judge and the person involved. See JI-044 (November 1, 1991).[4] The same considerations would seem to be relevant with respect to a witness in a proceeding before the judge. See *id*.

More specifically, the factual situation presented in the instant case has specifically been addressed in ethics opinions issued by the State Bar. In informal ethics opinion JI-057, the author discussed whether a judge must recuse himself or herself from presiding over a case in which another judge serving on the same court as the presiding judge has been called as a witness. See JI-057 (August 24, 1992). In that opinion, the author began by stating that "[a]lthough the presiding judge is not automatically disqualified from cases in which other judges appear as parties or mere witnesses," the court rule addressing disqualification of a judge "does require recusal when the judge cannot impartially hear a case." The author explained that the determination whether a judge is disqualified from presiding in a matter based on a relationship to a person participating in the case hinges on the closeness of that relationship. The author reiterated that mere acquaintanceship, by itself, is not enough to require recusal. The author concluded that unless there are facts showing "actual bias," a judge is not disqualified from presiding over a matter in which the judge is personally acquainted with a witness, including a witness who is another judge on the presiding judge's court, "if the [presiding] judge is not the trier of fact, *or* if the acquaintance/witness is not a necessary witness concerning a contested fact." JI-057 (emphasis added). The State Board of Commissioners reaffirmed that interpretation in a formal opinion. See J-006 (September 20, 1996).

Here, there is no record evidence from which we could conclude that the trial judge had a relationship with the retired judge of the kind that, by itself, would warrant automatic recusal. Rather, the evidence showed that—at most—the trial judge and the retired judge were professional colleagues. If a presiding judge is not automatically disqualified if a current member of the presiding judge's court appears as a witness in a proceeding before the presiding judge, we fail to see how the result should be different if the witness is a judge who is *retired* from a different court. See JI-057; J-006. Because a jury, and not the presiding judge, will be the trier of fact in this case and there was no evidence of actual bias on the part of the presiding judge, recusal of the presiding judge was unwarranted. See JI-057. The trial court erred as a matter of law when it interpreted the relevant law as requiring recusal anytime a former colleague might testify as a witness on the ground that presiding over a trial in which a former colleague testified automatically gives rise to an appearance of impropriety that warrants recusal.[5] See *TT*, 334 Mich App at 431; *Henry*, 484 Mich at 495.

---

[4] The State Bar keeps a database of all ethics opinions that can be viewed online at: State Bar of Michigan, *Ethics Opinion Search* <https://www.michbar.org/opinions/ethics/search> (accessed May 26, 2022).

[5] We recognize the inherent deference in the abuse-of-discretion standard of review applicable to a judge's decision to disqualify himself or herself. However, we hold in this case that the trial judge applied an erroneous legal standard in determining how to exercise that discretion. We thus reverse on the basis of the trial judge's error of law, and we need not opine on his discretionary judgment in this particular case.

## IV. CONCLUSION

The trial court committed errors of law in granting the motion to change venue and recusing itself from this matter based on the potential appearance of the retired district judge as a witness. We therefore reverse the trial court's decision, vacate its order, and remand for further proceedings consistent with this opinion. In light of our analysis and conclusion, we need not address defendants' additional argument regarding the effect of voluntarily withdrawing the retired judge as a potential witness.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Christopher M. Murray