## VANDETTE *v.* TOFFOLO

1. JURY—VOIR DIRE—DISCRETION.
   The trial court enjoys broad discretion in the control of *voir dire.*

2. PRESUMPTIONS—VENIREMAN—QUALIFIED TO SERVE—BURDEN OF PROOF.
   A venireman is presumed to be qualified to serve and the party challenging a venireman has the burden of showing disqualification for cause.

3. JURY—VOIR DIRE—COURT'S EXAMINATION—PREJUDICE.
   The examination of a prospective juror is usually limited to the juror's own statement and the trial court enjoys broad discretion in the nature of the investigation of claims of prejudice.

4. JURY—VENIREMAN—COURT'S EXAMINATION—APPEAL AND ERROR.
   Error can be assigned to the failure of the trial court to conduct a sufficient investigation of a prospective juror in the proper circumstances and upon the proper showing.

5. JURY—VENIREMAN—PREJUDICE—EVIDENTIARY HEARING.
   An evidentiary hearing was ordered to be held to hear an offer of proofs which, if established, would sustain a challenge for

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury § 200.
[2] 47 Am Jur 2d, Jury § 112.
[3] 47 Am Jur 2d, Jury § 210.
[4] 47 Am Jur 2d, Jury § 212.
[5, 6] 47 Am Jur 2d, Jury § 331.

cause where at the initial examination of the venireman one of the attorneys stated that he had represented the venireman's husband in a divorce action, four or five years before the present trial, that the venireman had evidenced prejudice and bias against him as recently as a year and a half before the present trial, and that witnesses would testify that the venireman had called the attorney an "ambulance chaser" even though the venireman denied any prejudice.

6. Jury—Venireman—Prejudice—Evidentiary Hearing—Trial Delay—Discretion.

A trial judge may, in his discretion, deny an evidentiary hearing allowing counsel to offer proofs why a venireman should be disqualified because of personal prejudice against counsel where the request entails a completely unreasonable delay of the trial of the case in chief by reason of the availability in time of the offered proof, because the objective of a court is a fair and impartial trial of the issues within the practical limits of docket control.

Appeal from Houghton, Stephen D. Condon, J. Submitted Division 3 October 15, 1970, at Marquette. (Docket No. 8084.) Decided December 10, 1970. Leave to appeal denied February 17, 1971. 384 Mich 807.

Complaint by Edmund and June Vandette against Egidio Toffolo for personal injuries. Verdict and judgment of no cause of action for defendant. Plaintiffs appeal. Reversed and remanded.

*Wisti, Jaaskelainen & Bourland,* for plaintiffs.

*Messner, LaBine & Vairo,* for defendant.

Before: Fitzgerald, P. J., and McGregor and O'Hara,* JJ.

O'Hara, J. Plaintiffs appeal from a jury verdict of no cause of action in this guest passenger action.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The sole allegation of error relates to the seating of one juror, Mrs. Aho.

After the plaintiffs had exhausted their peremptory challenges, the venireman Aho was called and on *voir dire* admitted that plaintiffs' attorney had been the counsel for her husband some four or five years before the trial date, in the preliminary stages of a divorce action. She further stated that she and her husband had become reconciled and that she held no bias or prejudice toward plaintiffs' attorney. Plaintiffs' attorney then requested that a conference be held in chambers during which he challenged the prospective juror for cause and offered to bring in witnesses to prove that the prospective juror had made statements calling the attorney "no good", an "ambulance chaser" and similar endearing terms. Counsel also stated that the prospective juror had evidenced prejudice and bias against him as recently as a year and a half before the trial proceedings.

The court refused to permit counsel to bring in witnesses and denied his challenge for cause.

As plaintiffs' brief states:

"It is not contended that the  *  *  *  testimony[1] of Mrs. Aho showed such clear bias and prejudice that the circuit court's refusal to allow a challenge for cause was such an abuse of discretion as to constitute reversible error. That is not the error of which plaintiff complains."

Rather, plaintiffs claim that they were denied an opportunity to make the showing necessary to establish such bias and prejudice on the part of the juror and that to deny the challenge would have been an abuse of judicial discretion, absent, of course, the

---

[1] While the *voir dire* examination is conducted under oath, strictly speaking, the answers are not "testimony" in the litigatory sense of the term.

court's rejection of the credibility of the prospective witnesses. Plaintiffs assert that an opportunity to call witnesses to show bias on the part of a prospective juror is a right. Defendant argues that the decision whether to hear such witnesses is discretionary with the trial judge.

The court rule that is concerned with challenges for cause is GCR 1963, 511.4:

"After the examination of prospective jurors is completed and before any juror is sworn, the parties may challenge any juror for cause. Every challenge for cause shall be determined by the court. A juror challenged for cause may be directed to answer every question pertinent to the inquiry."

The author's comments on GCR 1963, 511.4, in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 466, includes the following:

"The provision in the rule, that every challenge for cause 'shall be determined by the court', presumably means that any issues raised by the challenge must be tried. The juror challenged may be interrogated and required to give evidence bearing upon his qualifications and competency, and the parties apparently have the right to contradict his testimony by other evidence and the testimony of other witnesses. See *People* v. *Evans* (1888), 72 Mich 367 (40 NW 473). The burden is on the challenging party to make out at least a *prima facie* showing that the juror is disqualified, incompetent, or prejudiced. See, *People* v. *Collins* (1911), 166 Mich 4 (131 NW 78)."

While we are not bound by such comment, we accord it respectful attention.

It is well-settled that the trial court enjoys broad discretion in the control of *voir dire*. *Van Oordt* v. *Metzler* (1965), 375 Mich 526; *Bunda* v. *Hardwick* (1965), 376 Mich 640, 673; *Lee* v. *Misfeldt* (1965), 1

Mich App 675, 679. A venireman is presumed to be qualified and the party challenging a venireman carries the burden of showing disqualification for cause. *People* v. *Collins* (1911), 166 Mich 4, 9; *Lee* v. *Misfeldt, supra.*

The examination of a prospective juror is usually limited to the juror's own statement and the trial court enjoys and should enjoy broad discretion in the nature of the investigation of claims of prejudice. *Rice* v. *Winkelman Bros.* (1968), 13 Mich App 281; *People* v. *Evans* (1888), 72 Mich 367. Nonetheless, error can be assigned to failure of the trial court to conduct a sufficient investigation in the proper circumstances and upon the proper showing. *People* v. *Evans, supra; People* v. *Levey* (1919), 206 Mich 129.

We hold that the examination of the prospective juror in this case disclosed facts indicating possible prejudice on the part of the juror, notwithstanding the juror's denial of actual prejudice, sufficient to require the trial court to hear counsel's offer of proof which, if established, would sustain a challenge for cause.

We would not be understood to impinge upon the necessary and desirable right of the trial judge to decide *when* an evidentiary hearing upon the disqualification of a witness for cause shall be conducted. We do hold that where, as here, such a serious challenge to a prospective juror's personal prejudice toward one counsel is evidenced on the initial examination, such a hearing if requested should be conducted.

We add that when such request entails a completely unreasonable delay of the trial of the case in chief, by reason of the availability in time of the offered proof, the trial judge in the exercise of his sound discretion may deny it. In the last analysis,

the objective is a fair and impartial trial of the issues within the practical limits of docket control.

We find no Michigan authority on this precise point, but the great weight of authority in other jurisdictions supports this view. We include as an *addendum* hereto a number of the relevant decisions.

We note further that in the instant case no inquiry was made as to the time necessary to complete plaintiffs' counsel's offer of proof. Nor was there any showing that the trial would have been unreasonably delayed.

In this case appellants initially requested oral argument. We take this opportunity to express extreme disapproval of the practice of requesting oral argument and then, either on the assigned day or shortly before, waiving it. The practice is particularly offensive on the part of an appealing party. In most cases the appellee, when so notified, waives also. In this case we did not receive the notification of waiver until reaching Marquette, over 500 miles from the offices of the judges on the panel.

This Court bears the heaviest opinion-writing case load of any intermediate appellate court in the nation. We can ill afford the time (to say nothing of the expense) of sending three judges, a court officer, and a cargo of files and recording equipment on a thousand-mile round trip to accommodate counsel only to find on arrival an insufficient case call to justify the journey.

Decisionally, for the reasons herein stated, we are obligated to reverse and remand for a new trial. Costs to the plaintiffs.

McGregor, J., *concurred.*

Fitzgerald, P. J., *concurred* in the result only.

# ADDENDUM

*Hodge* v. *State* (1890), 26 Fla 11 (7 So 593).
*State* v. *Lowe* (1896), 56 Kan 594 (44 P 20).
*Commonwealth* v. *Di Stasio* (1936), 294 Mass 273 (1 NE2d 189, 195).
*Trobough* v. *State* (1929), 119 Neb 128 (227 NW 443).
*State* v. *Barrett* (1889), 40 Minn 65 (41 NW 459).
*Johnson* v. *State* (1908), 1 Okla Crim 321 (97 P 1059).
*State* v. *Shelton* (1928), 46 Idaho 423 (267 P 950).
*Smith* v. *Louisville & N. R. Co.* (1929), 219 Ala 676 (123 So 57).
*State* v. *Britt* (1960), 237 SC 293 (117 SE2d 379, 388).
*Kitts* v. *State* (1951), 153 Neb 784 (46 NW2d 158, 163, 164).
*Kephart* v. *State* (1951), 93 Okla Crim 451 (229 P2d 224).
*Nichols* v. *State* (Okla Crim, 1966), 418 P2d 77.
*Ellis* v. *State* (1889), 25 Fla 702 (6 So 768).
*State* v. *Wideman* (1951), 218 La 860 (51 So 2d 96).
*Prewitt* v. *State* (1942), 145 Tex Crim 202 (167 SW2d 194).
*Cox* v. *General Electric* (CA6, 1962) 302 F2d 389.