BISHOP v INTERLAKE, INC

Docket No. 59075. Submitted June 28, 1982, at Grand Rapids.—Decided November 17, 1982.

Plaintiffs, Vanessa and Thomas Bishop, brought a products liability action in the Kent Circuit Court seeking damages for injuries suffered by Vanessa Bishop when a staple from a book-stitching machine manufactured by defendant, Interlake, Inc., penetrated her left index finger and lodged in the fingertip. Thomas Bishop claimed loss of consortium. The injuries occurred in the course of Mrs. Bishop's employment with the Amway Corporation. The trial court, George R. Cook, J., directed a verdict in favor of defendant on the claim for loss of consortium and the jury returned a verdict of no cause of action on the principal claim. Plaintiffs appeal from the judgment entered, alleging several errors. *Held:*

1. The trial court erred in failing to excuse for cause a juror who indicated that she could not render an impartial verdict. The erroneous ruling compelled plaintiffs to prematurely exhaust their peremptory challenges and forego the opportunity to excuse another juror by use of a peremptory challenge. Reversible error resulted.

2. The trial court erred in directing a verdict for defendant on the claim for loss of consortium. The evidence presented was sufficient to establish a prima facie case of loss of services, society, and companionship and was enough to withstand the motion for a directed verdict.

3. The trial court's jury instructions on comparative negligence were correct.

4. The defendant's plant manager was qualified to testify as

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 47 Am Jur 2d, Jury §§ 265, 267.

[3] 47 Am Jur 2d, Jury § 218.

[4] 41 Am Jur 2d, Husband and Wife § 455.

[5] 75 Am Jur 2d, Trial § 537.

[6] Am Jur 2d New Topic Service, Comparative Negligence § 29.
   Modern development of comparative negligence doctrine having applicability to negligence actions generally. 78 ALR3d 339.

[7] 31 Am Jur 2d, Expert and Opinion Evidence § 16.

[8] 63 Am Jur 2d, Products Liability § 51.

[9] 5 Am Jur 2d, Appeal and Error § 623.

an expert even though he testified on the basis of personal knowledge and not in an opinion form. His testimony was based on his specialized knowledge and qualified as expert testimony.

5. The trial court did not err in refusing to instruct the jury on a duty to warn since the court properly found no duty to warn.

6. Plaintiffs did not properly preserve by a timely objection the issue of the trial court's failure to give their remaining special jury instructions.

Reversed.

1. JURY — CHALLENGE FOR CAUSE — PREJUDICE — COURT RULES.

A trial court is required to excuse a juror for cause whenever a challenge for cause clearly falls within one of the several grounds enunciated by court rule; such a showing is equivalent to a showing of prejudice at common law (GCR 1963, 511.4, subds [4]-[13]).

2. JURY — CHALLENGE FOR CAUSE — PRESUMPTION OF COMPETENCY — BURDEN OF PROOF.

A juror is presumed to be competent and impartial and a party challenging a juror for cause carries the burden of proving otherwise.

3. APPEAL — JURY — CHALLENGE FOR CAUSE — PEREMPTORY CHALLENGES — PREJUDICE.

A trial court's erroneous refusal to disqualify a juror for cause is reversible error where such ruling compels a party to prematurely exhaust his limited number of peremptory challenges and thus forego the opportunity to excuse another juror whom the party desired to excuse by use of a peremptory challenge; a showing of actual prejudice is not required in such a situation.

4. TORTS — LOSS OF CONSORTIUM — HUSBAND AND WIFE.

A loss of consortium claim may be brought by the spouse of an injured party to recover damages for loss of society, companionship, services, affection, and all other incidents of the marriage relationship.

5. MOTION AND ORDERS — DIRECTED VERDICT — PRIMA FACIE CASE.

A motion for a directed verdict tests whether or not the plaintiff has made a prima facie case; the motion must be denied if the evidence, considered in the light most favorable to the plaintiff, establishes a prima facie case.

6. Negligence — Defenses — Comparative Negligence — Place Negligence — Safety Devices.

The defense of comparative negligence is available in cases of workplace negligence involving absent or inadequate safety devices.

7. Evidence — Expert Testimony — Rules of Evidence.

The rules of evidence permit expert testimony to be given in the form of an opinion or otherwise (MRE 702).

8. Products Liability — Duty to Warn.

A manufacturer of a product is under no duty to warn against its dangers which are open and obvious; the threshold question of whether any duty is owed is one of law for the court to decide.

9. Appeal — Special Jury Instructions — Failure to Give Instructions — Timely Objection — Preserving Issue.

The issue of a trial court's failure to give special jury instructions is not preserved for appellate review where the party requesting such instructions does not timely object to such failure.

*Garlington & Sluiter* (by *Jack R. Sluiter*), for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells*), for defendant.

Before: M. J. Kelly, P.J., and R. M. Maher and R. L. Tahvonen,* JJ.

R. L. Tahvonen, J. Plaintiffs filed a products liability action for damages for injuries suffered by Vanessa Bishop when a staple from a book-stitching machine manufactured by defendant penetrated her left index finger and lodged in the fingertip. The injuries occurred in the course of Vanessa Bishop's employment with the Amway Corporation. The trial judge directed a verdict in favor of defendant on a claim for loss of consortium, and the jury returned a verdict of no cause of action on the principal claim. Plaintiffs have

---

* Circuit judge, sitting on the Court of Appeals by assignment.

appealed as of right, and we address their allegations of error *seriatim.*

I

Initially, plaintiffs claim that the trial judge erred in refusing to excuse juror Marie Phenix for cause. Ms. Phenix indicated that she could not render an impartial verdict because of her belief that plaintiff had suffered a "minor" injury and was not entitled to compensation. When the trial judge refused to excuse Ms. Phenix for cause, plaintiffs' counsel exercised one of his two remaining peremptory challenges. Plaintiffs' counsel exercised his last peremptory challenge to excuse another juror, and stated on the record that he would have excused an additional juror had his peremptory challenges not been exhausted by the trial judge's failure to grant the challenge for cause.

We agree that Ms. Phenix should have been excused for cause. GCR 1963, 511.4 governs challenges for cause and provides in pertinent part:

".4 Challenges for Cause. After the examination of prospective jurors is completed and before any juror is sworn, the parties may challenge any juror for cause. Every challenge for cause shall be determined by the court. A juror challenged for cause may be directed to answer every question pertinent to the inquiry. The following are grounds for challenges for cause:

\* \* \*

"(4) that the person shows a state of mind which will prevent him from rendering a just verdict, or has formed a positive opinion on the facts of the case or as to what the outcome should be;

"(5) that the person has opinions or conscientious scruples which would improperly influence his verdict."

In *McNabb v Green Real Estate Co,* 62 Mich App 500; 233 NW2d 811 (1975), *lv den* 395 Mich 774 (1975), this Court construed Rule 511.4 to require a court to excuse a juror for cause whenever a challenge for cause clearly falls within one of the grounds enumerated in subparagraphs (4) through (13). Although a juror is presumed competent and impartial, and a challenging party carries the burden of proving otherwise, *Vandette v Toffolo,* 29 Mich App 185; 185 NW2d 130 (1970), *lv den* 384 Mich 807 (1971), a showing under subparagraphs (4) through (13) presents situations in which prejudice may be *inferred,* and is equivalent to a showing of prejudice at common law. As *McNabb* noted, the drafters of Rule 511.4 clearly intended to make it mandatory that the trial judge excuse a juror for cause upon a showing of facts under one of the enumerated grounds for challenge. 62 Mich App 507.

Ms. Phenix's voir dire testimony shows that she believed plaintiff Vanessa Bishop had suffered a minor injury for which she should not be compensated. Her testimony that "accidents do happen" and that she had known persons who had suffered more severe injuries than plaintiff Vanessa Bishop but who had not sued for compensation, combined with her direct admissions that she would "have problems" awarding damages for so "minor" an injury as the permanent sensitivity of a finger, reveals that Ms. Phenix had formed an opinion that Mrs. Bishop should not even be in court. However, the crux of plaintiffs' case was that Mrs. Bishop was entitled to recover even for a minor injury to so small an appendage as a finger. Plaintiffs were entitled to a jury composed of persons willing to hear the merits of the case without preformed opinions as to the correct outcome.

Since Ms. Phenix's testimony falls within subparagraphs (4) and (5) of Rule 511.4, the trial judge abused his discretion in failing to excuse her for cause. *McNabb, supra.*

We must address defendant's argument that no prejudice resulted, since counsel's peremptory challenge prevented Ms. Phenix from sitting on the jury which ultimately passed on the merits of plaintiffs' claims.

It has frequently been stated that the challenging party must show, on appeal, that the inclusion of a challenged juror resulted in "actual prejudice". *McNabb, supra; Citizens Commercial & Savings Bank v Engberg,* 15 Mich App 438; 166 NW2d 661 (1968). However, we do not construe the requirement of "prejudice" to apply to situations where an improper denial of a challenge for cause compels the challenging party to exercise a peremptory challenge to the juror desired to be excused. In these situations, an erroneous cause ruling compels a party to prematurely exhaust his limited number of peremptory challenges and to forego the opportunity to excuse another juror by use of a peremptory challenge.

Indeed, the requirement of "prejudice" is inapposite to cases where a party has erroneously been forced to exercise a peremptory challenge to a juror who should properly have been disqualified for cause. Peremptory challenges are designed to be used "peremptorily", for capricious, personal, and unarticulated reasons. Although the parties' solipsistic "feelings" and superstitions that particular jurors are undesirable are, to a certain extent, legitimated by the peremptory challenge, the peremptory challenge is not based on the notion that a party will *actually* be prejudiced by the inclusion of a juror about whom the party has

purely subjective, unverifiable suspicions. A party may be deathly skeptical of the impartiality of redheads, and use of the peremptory challenge permits him to indulge in an empirically irrational suspicion. However, it is neither logically nor empirically sound to conclude that the jury will actually, or more likely than not, be less impartial because of the inclusion of one or two redheads, merely because a party *feels* the jury is less impartial. In situations where a challenge for cause is improperly denied, a party has been "prejudiced", if at all, simply by being improperly compelled to use a peremptory challenge. He is thus denied an opportunity to act on his intuitions at a later time during voir dire by having prematurely exhausted his peremptory challenges.

The importance of the unencumbered use of peremptory challenges was recognized in *People v Miller,* 411 Mich 321; 307 NW2d 335 (1981). *Miller* involved the use of the "struck" method of jury selection. The Supreme Court held that, upon a timely objection to the use of the procedure, reversal was required even if there was no affirmative prejudice to the defendant. The Court noted that a requirement that a defendant demonstrate prejudice would impose an often impossible burden.

Here, the record shows that plaintiffs' counsel desired to excuse another juror but was unable to do so because his peremptory challenges had been exhausted. The failure to excuse Ms. Phenix for cause thus constitutes reversible error.

Plaintiffs' contention that the trial judge erroneously commented on the evidence during jury selection need not detain us. The trial judge was merely restating the defense's theory that Vanessa Bishop had suffered only a minor injury.

## II

Plaintiffs next allege that the trial court erred in directing a verdict for defendant on the claim for loss of consortium. Thomas Bishop's testimony revealed that, during the week following the injury, he was with his wife 100% of the time and was required to perform all the household tasks. He also testified that his wife's finger has become very sensitive to cold, which has restricted their participation in outdoor winter sports.

A loss of consortium claim may be brought by the spouse of an injured party to recover damages for loss of society, companionship, services, affection, and all other incidents of the marriage relationship. *Ledsinger v Burmeister,* 114 Mich App 12; 318 NW2d 558 (1982).

A motion for a directed verdict tests whether or not the plaintiff has made a prima facie case. If the evidence, considered in the light most favorable to the plaintiff, establishes a prima facie case, the motion must be denied. *Bouwman v Chrysler Corp,* 114 Mich App 670; 319 NW2d 621 (1982).

Although the evidence of loss of consortium was scant, enough was presented to withstand a motion for a directed verdict. Thomas Bishop's testimony, that he had lost some of the enjoyment of participation in winter sports and that his wife was totally incapacitated for the first week, was sufficient to establish a prima facie case of loss of services, society, and companionship. We agree that the loss of consortium claim should be submitted to the jury on retrial.

## III

Plaintiffs' third claim of error concerns the propriety of instructing the jury on comparative negligence. Plaintiffs attempted to prove that Mrs. Bishop's injury was caused by an inadequate safety device on the book-stitching machine. At trial, evidence was introduced that Mrs. Bishop was herself negligent in talking to a co-worker at the time of the accident and in not paying attention to her machine. The trial judge instructed the jury on comparative negligence, but the jury specifically found that neither defendant nor plaintiff was negligent.

In its recent decision in *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29; 323 NW2d 270 (1982), the Supreme Court held that the defense of comparative negligence is available in cases of workplace negligence involving absent or inadequate safety devices. Previous decisions of this Court which held comparative negligence unavailable as a defense have apparently been overruled to that extent. See, *e.g., Tulkku v Mackworth Rees Division of Avis Industries, Inc (On Remand),* 101 Mich App 709; 301 NW2d 46 (1980), *lv den* 411 Mich 897 (1981); *Stambaugh v Chrysler Corp,* 96 Mich App 166; 292 NW2d 510 (1980), *lv den* 409 Mich 911 (1980); *Timmerman v Universal Corrugated Box Machinery Corp,* 93 Mich App 680; 287 NW2d 316 (1979).

Accordingly, we find the trial judge's jury instructions on comparative negligence to be correct.

## IV

We also agree with plaintiffs that Bernard

Kunka, defendant's plant manager, testified as an expert even though he testified on the basis of personal knowledge and not in an opinion form. MRE 702 permits expert testimony in the form of an opinion *or* otherwise. Kunka's testimony about industry standards, competitors' products, why there were no warnings to use the guard on the machine and the like, was based on his specialized knowledge and qualified as expert testimony under MRE 702.

Since we reverse because of errors committed during the jury voir dire, it is unnecessary to determine whether plaintiffs were prejudiced by lack of notice of Kunka's proposed testimony. On retrial, plaintiff will presumably have adequate discovery time to prepare for any proffered expert testimony.

V

Finally, it was not error for the trial judge to refuse to instruct the jury on a duty to warn. Breach of the duty to warn will not result in liability where the danger is open and obvious, *Durkee v Cooper of Canada, Ltd,* 99 Mich App 693; 298 NW2d 620 (1980), and the threshold question of whether any duty is owed is for the trial court to decide, *Mach v General Motors Corp,* 112 Mich App 158; 315 NW2d 561 (1982). Mrs. Bishop testified that she knew if she put her finger in the machine something would happen to it. The trial judge did not err in finding no duty.

Since plaintiffs did not timely object to the trial judge's failure to give their remaining special jury instructions, they have not properly preserved the issue for appellate review, and, accordingly, we decline to pass on them.

Reversed. Costs to appellant.