PEOPLE *v.* CALHOUN

CRIMINAL LAW—APPEAL AND ERROR—REVERSIBLE ERROR—STATUTE—
COURT RULE.

   Something more than an allegation of error is required for
   appellate relief; by statute and by court rule, a convicted
   criminal must also demonstrate how his rights were prejudiced
   by the alleged error and how they affected the merits of his
   conviction (CL 1948, § 769.26; GCR 1963, 529.1).

Appeal from Jackson, John C. Dalton, J. Submitted Division 2 May 7, 1969, at Lansing. (Docket No. 5,417.) Decided May 27, 1969.

James Calhoun was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Paul R. Adams,* Assistant Prosecuting Attorney, for the people.

*William F. Goler,* for defendant on appeal.

BEFORE: LESINSKI, C. J., and QUINN and DANHOF, JJ.

PER CURIAM. Defendant, representing himself, was tried by a jury and convicted of robbery armed.[*]

---

[*] CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797).

REFERENCE FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error §§ 182–185.

He was sentenced, and he appeals by appointed counsel. Nine specific errors are alleged as the basis for appellate relief, not one of which asserts error because defendant did not have counsel at trial. A review of the record establishes why this is so and also reveals why defendant cannot prevail on appeal.

The crime occurred March 25, 1967 and counsel for defendant was appointed April 19, 1967. June 13, 1967, defendant was arraigned in circuit court and through his attorney waived the reading of the information and stood mute. A plea of not guilty entered and defendant was remanded to the custody of the sheriff to await trial. October 30, 1967, defendant moved for a continuance to obtain witnesses. The trial judge granted the motion and set trial for January 8, 1968. On the latter date, defendant requested dismissal of his attorney, and, after inquiry by the court, the request was granted. Defendant was then granted two weeks to obtain other counsel or to be prepared to defend himself. January 22, 1968, defendant *in propria persona* requested a further continuance for purposes of preparation. This was denied and the trial proceeded.

The denial of this continuance constitutes the first allegation of error, but neither defendant nor the record demonstrates what prejudice defendant was subjected to because of the denial. Every other claim of error relied on by defendant is similarly deficient. In no instance has defendant shown how he was prejudiced by the alleged error or how it affected the merits of his conviction. The record does not demonstrate prejudice nor that the items asserted as errors affected the merits of defendant's conviction.

By statute, CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096), and by rule, GCR 1963, 529.1, something more than allegation of error is required for appel-

late relief. As stated in *People* v. *Ritholz* (1960), 359 Mich 539, 559:

"Technical error, however, is not our test. We must be persuaded that the errors complained of were so gross as to have deprived defendant of a fair trial, that his conviction was, in truth, a miscarriage of justice."

We are not so persuaded.

Affirmed.