PEOPLE *v.* WILKINSON

1. CRIMINAL LAW—TRIAL—CONTINUANCE—TRIAL COURT—DISCRETION.
   Trial court did not abuse its discretion in denying motion for continuance made on the day of trial by defendant charged with conspiracy to defraud, where counsel was appointed for defendant 65 days before trial, defendant never contacted his attorney until the morning of trial, and trial counsel's lack of familiarity with the case was caused by defendant's flagrant disregard of his own responsibilities (GCR 1963, 503.1).

2. CONTINUANCE—NEGLIGENCE OF MOVING PARTY.
   Continuances shall not be granted unless a showing is made and the court finds that the grounds for continuance do not result from fault or negligence of the moving party (GCR 1963, 503.1).

Appeal from Marquette, Bernard H. Davidson, J. Submitted Division 3 May 5, 1969, at Marquette. (Docket No. 5,465.) Decided June 23, 1969.

John Wilkinson was convicted of conspiracy to defraud. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Edward A. Quinnell,* Prosecuting Attorney, for the people.

*Michael Shapiro,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur 2d, Continuance § 28.

BEFORE: J. H. Gillis, P. J., and R. B. Burns and V. J. Brennan, JJ.

Per Curiam. Defendant was convicted by a jury of conspiracy to defraud.* He claims that the trial court erred in that the court denied his motions to adjourn the trial date and to remand the proceedings to the magistrate for a preliminary examination.

The complaint and warrant were issued June 8, 1967. On the same day the defendant appeared before the magistrate and waived a preliminary examination. He did not have counsel at the time. On August 7, 1967, defendant appeared in circuit court and at that time he informed the court that he desired to hire his own attorney and the case was adjourned to September 5. On September 5 the defendant appeared in court without an attorney but informed the court he had obtained an attorney and the case was continued to September 15. On September 15 defendant again appeared without an attorney, informed the court that he had retained Jay Freedman of Chicago and entered a plea of not guilty. A conference set for November 27 was adjourned to December 4, at which time the court read into the record a letter from Mr. Freedman informing the court that the defendant had failed to keep two appointments and had not paid the balance of his fee. He requested to withdraw as counsel. The court appointed James Collins as attorney for the defendant and gave defendant his office address and telephone number. The trial date was set for February 7, 1968. Defendant never contacted his attorney until the morning of the trial, February 7, at which time defendant moved to remand the case to the magistrate court for the purposes of a pre-

---

* CLS 1961, § 750.505 (Stat Ann 1954 Rev § 28.773).

liminary examination. The trial court denied the motion.

GCR 1963, 503.1 provides that continuances shall not be granted unless a showing is made and the court finds that the grounds for continuance do not arise out of fault or negligence of the moving party. Trial counsel's lack of familiarity with the case was caused by the defendant's flagrant disregard of his own responsibilities. The trial court did not abuse its discretion.

Affirmed.