PEOPLE *v.* THOMAS

JURY—PEREMPTORY CHALLENGES—ALTERNATING BETWEEN PARTIES—
CRIMINAL LAW.

Fundamental fairness requires alternating peremptory challenges
between the plaintiff and defendant in criminal as well as in
civil cases and a defendant in a criminal case need not demon-
strate that the trial judge's denial of his right to alternate
such challenges in fact resulted in prejudice (GCR 1963,
511.5).

Appeal from Recorder's Court of Detroit, Thomas
Poindexter, J. Submitted Division 1 May 11, 1970,
at Detroit. (Docket No. 6,543.) Decided July 2,
1970.

Ephrian Thomas was convicted of assault with
intent to rob while being armed. Defendant ap-
peals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Angelo A. Pento-
lino,* Assistant Prosecuting Attorney, for the peo-
ple.

*Gregory M. Pillon,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur 2d, Jury § 254.

Before: R. B. Burns, P. J., and Levin and Churchill,* JJ.

Levin, J. The defendant appeals his conviction of assault with intent to rob while being armed.[1] He claims that the trial judge erred in refusing to alternate peremptory jury challenges. We agree and remand for a new trial.

This is a capital case and the defendant, therefore, had 20 peremptory challenges and the people 15.[2]

. The judge insisted that the defendant exercise all his peremptory challenges or announce that he was satisfied with the jury before the people would be required to exercise any of their peremptory challenges. After noting and preserving defendant's objection, his attorney exercised 19 of his peremptory challenges. The judge then offered to permit the defendant to reserve his last challenge, which offer the defendant declined saying that it was necessary to exhaust all his peremptory challenges to preserve[3] his contention that each side should be required to exercise its peremptory challenges alternately.

GCR 1963, 511.5, in part, provides:

"First the plaintiff and then the defendant may exercise 1 or more peremptory challenges alternately until each party successively waives further peremptory challenges or all such challenges have been exercised."[4]

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).
[2] MCLA § 768.13 (Stat Ann 1962 Rev § 28.1036).
[3] Cf. People v. Rose (1934), 268 Mich 529, 531.
[4] "After all challenges for cause are completed, the parties shall make or waive their peremptory challenges. First the plaintiff and then the defendant may exercise 1 or more peremptory challenges alternately until each party successively waives further peremptory

The general court rules "apply to criminal cases, except as otherwise provided by rule or statute, and except when it clearly appears that they apply to civil actions only, or where statutes or special court rules provide a different procedure." GCR 1963, 785.1(1). Various general court rules have been held to be applicable in criminal cases.[5]

While rule 511.5 (see footnote 4) provides that each party shall have only 5 peremptory challenges in a civil case, and the pertinent statutory rule of criminal procedure allows the defendant 20 and the people 15 such challenges in a capital case, the criminal procedure rule does not establish a "different procedure" than that set forth in the general court rule concerning the manner or order of exercise of

___

challenges or all such challenges have been exercised. A juror peremptorily challenged is excused without cause. Each party may challenge peremptorily 5 jurors. Two or more parties on the same side are considered a single party for purposes of peremptory challenge, but where multiple parties having adverse interests are aligned on the same side, 5 peremptory challenges shall be allowed to each such party represented by a different attorney." GCR 1963, 511.5.

[5] GCR 1963, 503.1. Grounds for continuance: *People v. Wilkinson* (1969), 17 Mich App 661, 663;

GCR 1963, 507.5. Failure to make a party's position known to the court before it ruled: *People v. O'Leary* (1967), 6 Mich App 115, 123;

GCR 1963, 511.3. Examination of jurors: *People v. Lambo* (1967), 8 Mich App 320, 324–326;

GCR 1963, 516. Requests for and objections to jury instructions: *People v. Green* (1967), 7 Mich App 346, 358; *People v. Fred W. Thomas* (1967), 7 Mich App 519, 540;

GCR 1963, 517. Findings of facts in non-jury trials: *People v. Beaudoin* (1967), 7 Mich App 461, 464; *People v. George Scott* (1970), 21 Mich App 217, 218; *People v. Martinovich* (1969), 18 Mich App 253, 259;

GCR 1963, 517. Reviewing standard ("clear error") in non-jury cases: *People v. Walker* (1967), 6 Mich App 600, 602; *People v. Hummel* (1969), 19 Mich App 266;

GCR 1963, 528. Correction of judgment: *People v. Norman* (1968), 9 Mich App 647, 651;

GCR 1963, 529.1. Harmless error: *People v. Calhoun* (1969), 17 Mich App 401, 402;

GCR 1963, 604. Offer of Proof. *People v. O'Leary* (1967), 6 Mich App 115, 123.

peremptory challenges (nor does it "otherwise provide"). It provides only for a different number of challenges. It does not "clearly appear" that the alternating of peremptory challenges should apply to civil actions only.

There is no need, however, to rely on the general court rule. On principle, we would reach the same conclusion. It would be most unfair to the defendant—who under the statute is clearly to have the advantage, 20 challenges to 15—to require him to exhaust all his challenges, or even all but one, and thereby leave the people free to choose an entirely new jury through exercise of their 15 peremptory challenges.

We are satisfied that jury selection standards, at least in this regard, should be as high in criminal as in civil cases; that fundamental fairness requires alternating peremptory challenges in criminal as well as in civil cases.

The defendant need not demonstrate that the judge's ruling in fact resulted in prejudice. By definition, peremptory challenges may be exercised without assigning reason or demonstration of cause.[6] It would be virtually impossible in almost any case to demonstrate that prejudice resulted from an infringement of the right peremptorily to challenge jurors. If that is the defendant's burden, then there need be little concern in any case that the defendant could demonstrate reversible error.

Reversed and remanded for a new trial.

All concurred.

---

[6] See *People* v. *Roxborough* (1934), 307 Mich 575, 593.