## PEOPLE v. PARHAM

1. JURY—VOIR DIRE—PEREMPTORY CHALLENGES—CRIMINAL LAW—
COURT RULE.

Refusal of trial judge to alternate peremptory jury challenges
at the *voir dire* examination in a criminal case is reversible
error because the requirement of the court rule that peremp-
tory challenges must be alternated applies to criminal cases
(GCR 1963, 511.5).

2. CRIMINAL LAW—LINEUP—IDENTIFICATION—EVIDENTIARY HEARING.

The trial court is required to hold an evidentiary hearing out
of the presence of the jury to determine whether a pretrial
lineup confrontation was so unnecessarily and impermissibly
suggestive as irreparably to taint any subsequent in-court
identification.

Appeal from Recorder's Court of Detroit, Frank
G. Schemanske, J. Submitted Division 1 Septem-
ber 29, 1970, at Detroit. (Docket No. 8,148.)
Decided December 1, 1970. Leave to appeal denied
February 9, 1971. 384 Mich 803.

Dennis Parham was convicted of carnal knowl-
edge of a female with force against her will. De-
fendant appeals. Reversed and remanded for a new
trial.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury § 254.
[2] 21 Am Jur 2d, Criminal Law § 334.
Admissibility of evidence as to extrajudicial or pretrial identi-
fication of accused. 71 ALR2d 449.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Dennis Parham, in propria persona.*

Before: LESINSKI, C. J., and LEVIN and O'HARA,* JJ.

O'HARA, J. Defendant was found guilty by a jury of the felony of carnal knowledge of a female with force against her will and was sentenced to a term of 7–1/2 to 15 years in prison. At the *voir dire* examination the trial judge refused to alternate peremptory jury challenges. Defendant appeals claiming error.

This Court recently[1] held in *People* v. *Thomas* (1970) 25 Mich App 213, that the requirement of GCR 1963, 511.5, that peremptory challenges must be alternated, applies to criminal cases. The Court further held that failure to require alternating of challenges is reversible error. In the instant case, the defendant was required to exhaust his peremptory challenges before the prosecution was required to exercise any peremptory challenges. On the basis of the above cited authority we must reverse and remand for a new trial.

Our attention has been called to *People* v. *Kregger* (1953), 335 Mich 457, as being in conflict with

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] This opinion, it should be noted, was released *after* the learned trial judge denied the motion for a new trial based in part upon refusal to alternate the peremptory challenges.

*Thomas, supra.* We do not so read *Kregger.* In the only part of the decision relating to the decisional issue here the Supreme Court said at p 472:

"In selecting a jury the prosecuting attorney and counsel for defendant exercised their peremptory challenges *alternately".* (Emphasis supplied.)

The precise issue involved here is that whether it was error not to allow the peremptory challenges to be exercised alternately. It is difficult to see how *Kregger* conflicts with *Thomas* when alternation was in fact allowed in *Kregger.*

The balance of the pertinent paragraph in *Kregger* deals only with the question of whether to "pass" the jury constitutes a waiver of a peremptory challenge. The trial judge and the Supreme Court held it did not. The point is not involved here.

The defendant also contends that the lineup identification irreparably tainted the in-court identification. At the original trial the trial court declined to hold a separate evidentiary hearing on this question. Because this question may arise on retrial, we hold that the trial court is required to hold an evidentiary hearing out of the presence of the jury to determine whether the pretrial confrontation was so unnecessarily and impermissibly suggestive as irreparably to taint any subsequent in-court identification. *People* v. *Young* (1970), 21 Mich App 684. In so holding, we express no opinion on the merits of this question.

Reversed and remanded for a new trial.

All concurred.