## PEOPLE v FINNEY

Docket No. 78-4046. Submitted October 9, 1981, at Detroit.—Decided March 2, 1982.

Charles S. Finney and two codefendants were convicted of breaking and entering with intent to commit a larceny, Wayne Circuit Court, Thomas Roumell, J. Defendant appeals, alleging that the trial court erred in denying his motion for a directed verdict, based on an alleged failure to show the element of breaking, and in regard to the order of peremptory challenges in the selection of the jury. *Held:*

1. The motion for a directed verdict was properly denied. The use of any force at all, including the opening of a partly opened door, is sufficient to constitute the element of breaking.

2. The procedure used for exercising peremptory challenges in which all of the parties were required to take turns but with no one required to exercise any peremptory challenges at any time, was proper.

Affirmed.

1. BURGLARY — BREAKING AND ENTERING — BREAKING — STATUTES.

The use of any force at all, including the opening of a partly opened door, is sufficient to constitute the element of breaking in a prosecution for breaking and entering with intent to commit larceny (MCL 750.110; MSA 28.305).

2. JURY — PEREMPTORY CHALLENGES.

A procedure for exercising peremptory challenges, in a trial of multiple defendants, in which all parties are required to take turns and no one is required to exercise any peremptory challenges at any time is not improper; if a defendant chooses to exercise all of his peremptory challenges before the prosecutor has exercised his, he takes the chance that the prosecutor

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Burglary §§ 11, 12.
[2] 47 Am Jur 2d, Jury §§ 258, 259.
Number of peremptory challenges allowed in criminal case, where there are two or more defendants tried together. 21 ALR3d 725.

subsequently will exercise his remaining challenges in a manner unsatisfactory to the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

*Robert J. Singer,* for defendant.

Before: N. J. KAUFMAN, P.J., and J. H. GILLIS and CYNAR, JJ.

J. H. GILLIS, J. Defendant, Charles Finney, along with codefendants, Raymond Hoskins and Robert Baker, was convicted by a jury of breaking and entering with intent to commit a larceny, MCL 750.110; MSA 28.305. He was sentenced to four years probation and appeals, raising two issues.

Defendant challenges the trial court's denial of defendant's motion for a directed verdict. We have carefully reviewed the evidence, keeping the *Hampton*[1] standard in mind, and conclude that the trial judge did not err in denying defendant's motion. The use of any force at all, including the opening of a partly opened door, is sufficient to constitute the element of breaking. *People v White,* 153 Mich 617; 117 NW 161 (1908).

Turning to the other issue raised, defendant claims the trial court erred with regard to the order in which peremptory challenges were exercised. Pursuant to GCR 1963, 511.5, the defendants were entitled to 5 peremptory challenges each and the prosecutor was entitled to 15. Peremptory challenges were exercised in the following order. On the first round, the prosecutor passed, defen-

---

[1] *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

dant Finney's counsel exercised one peremptory challenge, codefendant Baker's counsel exercised one challenge, and codefendant Hoskins' counsel exercised one challenge. Those three jurors were then replaced and passed for cause. On the second round, the prosecutor exercised one peremptory challenge, Finney's counsel exercised one, Baker's counsel exercised one, and Hoskins' counsel exercised one, in that order. Those four jurors were replaced and passed for cause. On the third round, in the following order, Finney's counsel exercised one peremptory challenge, Baker's counsel exercised one, Hoskins' counsel exercised one, and the prosecutor exercised one. Those four jurors were then replaced and passed for cause. On the fourth round, in the following order, Baker's counsel exercised one peremptory challenge, Hoskins' counsel passed, the prosecutor exercised one, and Finney's counsel exercised one. Those three jurors were replaced and passed for cause. On the fifth round, Hoskins' counsel exercised one peremptory challenge, the prosecutor exercised one, Finney's counsel exercised one, and Baker's counsel passed, in that order. Those three jurors were replaced and passed for cause. On the sixth round, the prosecutor exercised two peremptory challenges, Baker's counsel exercised one, and Hoskins' counsel passed. Those three jurors were replaced and passed for cause. On the seventh round, Hoskins' counsel exercised one peremptory challenge and the prosecutor exercised one in that order. At this point all of the defendants had exhausted their five peremptory challenges. On the eighth and final round, the prosecutor passed although he had eight peremptory challenges remaining under the court rule. The jury was then sworn.

Defendant argues:

"The procedure should have been that each defendant exercised one of his peremptory challenges and then the prosecutor would have to exercise one of his, and go back and forth with each defendant in that manner."

In support of his argument defendant notes that after all the defendants had exercised all their peremptory challenges the prosecutor could have selected almost a whole new jury by exercising his eight unused peremptory challenges.

Defendant has no grounds for complaint. If he chooses to exercise all of his peremptory challenges before the prosecutor has exercised his, he takes the chance that the prosecutor will subsequently exercise the remaining peremptory challenges in a manner unsatisfactory to defendant. See *People v Mullane,* 256 Mich 54, 57; 239 NW 282 (1931).

GCR 1963, 511.5 affords to the prosecutor 15 peremptory challenges under the circumstances of this case. The court rule does not require that the prosecutor exercise his peremptory challenges in the manner suggested by defendant. Cases cited by defendant do not apply as they do not involve multiple defendants. *People v Thomas,* 25 Mich App 213; 181 NW2d 328 (1970), *People v Parham,* 28 Mich App 267; 184 NW2d 273 (1970). In those cases the defendants were required to exercise all their peremptory challenges before the prosecution was required to exercise any. In the case at bar, the trial judge required all parties to take turns and no one was required to exercise any peremptory challenges at any time. Defendant could have saved all of his peremptory challenges until everyone else had exercised all of theirs.

Affirmed.