## KOHN v FORD MOTOR COMPANY

Docket No. 72771. Submitted November 7, 1984, at Lansing. Decided April 23, 1986. Leave to appeal applied for.

William Kohn was injured in 1969, while riding on a 1963 school bus, the chassis of which had been designed and manufactured by Ford Motor Company. William Kohn, by his next friend, Verle Kohn, brought an action in Wayne Circuit Court against Ford Motor Company and others, alleging that the accident was caused in part by the failure of the bus's brake system, that the failure of the brake system was attributable to Ford Motor Company's design or manufacturing of the bus chassis and that Ford was liable on the basis of negligence or breach of express warranty or of implied warranty. Ford denied liability and asserted that the sole proximate cause of the accident was the faulty maintenance of the bus by the owner of the bus, the Vassar Public School System. Ford moved for a change of venue to Tuscola County. The Wayne Circuit Court, Theodore R. Bohn, J., acting for Victor J. Baum, J., granted the change of venue, finding that the accident occurred in Tuscola County, that the plaintiff and his next friend were residents of Tuscola County, and that most of the nonexpert witnesses were residents of Tuscola County and holding that far fewer witnesses would be inconvenienced if venue were transferred to Tuscola County. Trial was held in Tuscola Circuit Court, Patrick R. Joslyn, J., and the jury returned a verdict of no cause of action. Plaintiff appealed. Defendant cross-appealed. *Held:*

1. The Wayne Circuit Court did not abuse its discretion in granting the change of venue to Tuscola County on the basis of the convenience of the witnesses, since it was clear that most of the nonexpert witnesses to be called by both sides were from Tuscola County.

2. The fact that plaintiff failed to seek relief from the change of venue order by an interlocutory appeal and rather went to trial in Tuscola County militates against a finding that the

REFERENCES

Am Jur 2d, Venue §§ 48-92.

Change of venue as justified by fact that large number of inhabitants of local jurisdiction have interest adverse to party to state civil action. 10 ALR4th 1046.

Wayne Circuit Court abused its discretion in granting the change of venue.

3. Any error in the admission of evidence going to the question of damages is harmless error in that the jury never reached the question of damages.

4. The trial court's determination as to the relevancy and prejudicial effect of a Ford sales brochure which plaintiff sought to have admitted into evidence was not clearly erroneous.

5. The trial court properly required that a proper evidentiary foundation be laid before the expert witness could opine as to the adequacy of the brake shoes installed on the subject bus. The general statement made by defense counsel in his opening statement relative to the nature of the brake system when the bus left Ford's possession was not an admission that the subject bus had the smaller brake shoes when it left Ford's hands. Accordingly, plaintiff had the burden of establishing that the smaller brake shoes had been installed by Ford rather than having been installed by the school district in its maintenance of the bus.

6. Defendant's expert witness properly established the basis on which he determined the stopping distances for the bus using the parking brake system. That testimony was properly admitted to show that defendant had designed a safe bus chassis.

7. The trial court's instructions to the jury were proper.

Affirmed.

M. R. STEMPIEN, J., dissented. He would hold that the plaintiff's choice of forum can only be changed for the limited reasons set forth in the venue provision of the court rules and any deviation from the strict requirements of that court rule constitutes an abuse of discretion by a trial court. He would hold that the Wayne Circuit Court abused its discretion in granting the motion for a change of venue and thereby deprived plaintiff of his fundamental right to a trial by a jury in his chosen forum. He would reverse.

OPINION OF THE COURT

1. VENUE — CHANGE OF VENUE — APPEAL — COURT RULES.

The grant or denial of a motion to change venue, which has been properly laid initially, rests in the sound discretion of the trial court, and will be reversed on appeal only where there is an abuse of that discretion (GCR 1963, 403).

2. VENUE — CHANGE OF VENUE — BURDEN OF PROOF — COURT RULES.

The burden of establishing inconvenience or prejudice as grounds

for a motion for a change of venue rests upon the moving party and a persuasive showing will have to be made by that party (GCR 1963, 403).

3. Venue — Change of Venue — Abuse of Discretion.

It is not an abuse of discretion for a circuit judge to transfer venue in a personal injury case from Wayne County to Tuscola County where the accident giving rise to the claim occurred in Tuscola County, plaintiff was a resident of Tuscola County and most witnesses other than expert witnesses were residents of Tuscola County.

4. Venue — Change of Venue — Appeal — Preserving Question.

A party's failure to seek interlocutory relief from an order transferring venue militates against finding that it was an abuse of discretion to transfer venue where appellate relief is first sought in an appeal from a final judgment following trial in the county to which venue was transferred.

5. Evidence — Damages — Harmless Error.

An erroneous ruling by a trial court with respect to the admission of evidence relating only to the question of damages does not mandate reversal where the jury returned a verdict of no cause of action, since any error was necessarily harmless error in that the jury never reached the question of damages.

6. Evidence — Relevancy — Prejudicial Effect — Appeal.

A trial court's decisions as to the relevancy and prejudicial effect of evidence will not be set aside on appeal absent a showing of a clear abuse of discretion (MRE 401, 403).

7. Trial — Admissions — Opening Statements — Evidence.

A general statement made by a party in his opening statement relative to the nature of the issues in the case does not constitute an admission which will dispense with the need of the opposing party to present proofs where the statement made is not a distinct, formal, solemn admission which was made for the express purpose of dispensing with formal proof of the fact at issue.

8. Evidence — Expert Testimony — Foundation.

An expert witness can give opinion testimony; the basis of the expert's opinion testimony may be facts perceived by or made known to him before the hearing; the trial court may require that the factual basis for an expert opinion be in evidence (MRE 702, 703).

9. VENUE — CHANGE OF VENUE — BURDEN OF PROOF.

*The grant or denial of a motion to change venue rests in the sound discretion of the trial court; the burden of establishing inconvenience or prejudice as a ground for a motion to change venue rests with the moving party, who must make a persuasive showing of inconvenience (GCR 1963, 403, now MCR 2.222[A]).*

10. VENUE — CHANGE OF VENUE.

*The plaintiff's choice of venue should be accorded deference; unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.*

11. VENUE — CHANGE OF VENUE — ABUSE OF DISCRETION.

*A trial court's exercise of discretion in ruling on a motion for change of venue is limited to consideration of whether the change is mandated as a matter of convenience of the parties or witnesses or is required in order that an impartial trial can be held; reliance by the trial court on any other consideration in its determination on a motion for change of venue constitutes an abuse of discretion by the trial court (GCR 1963, 403, now MCR 2.222[A]).*

12. VENUE — CHANGE OF VENUE — JURY TRIALS — CHOICE OF FORUM.

*A party's choice of a forum to hear the party's claim is part of the fundamental right to a jury trial since the choice of a forum has a significant effect on the nature of the jury which will hear the case; accordingly, any improper consideration by a trial court in deciding a motion for a change of venue is a deprivation of that fundamental right.*

*Van Benschoten, Hurlburt & Van Benschoten, P.C.* (by *Harvey E. Van Benschoten* and *Lawrence A. Hurlburt*), for plaintiff.

*Taylor & Braun, P.C.* (by *Charles R. Taylor*), for defendant.

Before: M. J. KELLY, P.J., and BEASLEY and M. R. STEMPIEN,* JJ.

BEASLEY, J. On July 5, 1983, after a two-week

---

* Circuit judge, sitting on the Court of Appeals by assignment.

trial, a Tuscola County jury returned a verdict of
no cause of action in favor of defendant, Ford
Motor Company, and against plaintiff, William
Kohn, by his next friend, Verle Kohn. After a
judgment of no cause of action was entered by the
trial court, plaintiff appealed as of right. Defen-
dant cross-appealed, raising two issues which need
to be addressed only in the event that this case is
remanded for a new trial.

The suit arose out of a February 28, 1969, acci-
dent involving a 1963 Ford school bus owned by
the Vassar Public School System. As the bus ap-
proached an intersection in Tuscola County, the
brakes failed. The bus driver attempted to turn
right and avoid the intersection, but the bus
flipped onto its side and landed in a ditch. Plaintiff
was one of several school children injured as a
result of the accident.

Defendant designed and manufactured the bus
chassis and brake system, which was later assem-
bled into the completed bus by another manufac-
turer. The bus had a single master cylinder hy-
draulic brake system. In such a brake system, one
cylinder provides pressure for all the brakes. Thus,
if a leak occurs in any one of the brake drums, the
entire brake system becomes inoperable. The Vas-
sar Public School System had purchased and main-
tained the bus prior to the accident.

On appeal, plaintiff raises six issues. First, plain-
tiff claims that the Wayne Circuit Court abused
its discretion in granting defendant's motion to
change venue to Tuscola Circuit Court. Resolution
of this issue may render it unnecessary for us to
address the remaining issues involving the trial
in Tuscola Circuit Court.

Plaintiff filed this suit in Wayne Circuit Court.
Initially, we note that venue was properly laid in

Wayne County because defendant's headquarters and principal place of business are located there.[1] Thus, the Wayne Circuit Court judge granted defendant's motion for a change of venue to Tuscola County under GCR 1963, 403, now MCR 2.222(A), which provides in part:

> The venue of any civil action properly laid . . . may be changed to any other county by order of the court upon timely motion by one of the parties, for convenience of parties and witnesses . . . .

This Court has clearly stated that the grant or denial of a motion pursuant to GCR 1963, 403 is discretionary, and the trial court's ruling will be reversed only in cases where there is a plain abuse of discretion.[2] However, the moving party has the burden of making a persuasive showing of inconvenience justifying a change of venue.[3]

On August 10, 1977, the Wayne County trial judge issued a written opinion granting defendant's motion under GCR 1963, 403. In reviewing the trial judge's findings included in his opinion, it is clear that he granted defendant's motion based on the permissible consideration of convenience of the parties and witnesses. Specifically, the trial judge found that the accident occurred in Tuscola County, that plaintiff and his mother were residents of Tuscola County, that the witnesses who could testify as to the facts of the actual accident were residents of Tuscola County, that the witnesses who could testify as to the actual occurrence of brake failure and the maintenance of the

---

[1] MCL 600.1621(a); MSA 27A.1621(a).

[2] *Brown v Hillsdale County Road Comm*, 126 Mich App 72; 337 NW2d 318 (1983); *Hunter v Doe*, 61 Mich App 465; 233 NW2d 39 (1975).

[3] *Id.*

bus were residents of Tuscola County, and that the witnesses, other than expert witnesses, who could testify as to damages in the case were residents of or employees who worked in Tuscola County. The trial judge concluded that a far greater number of witnesses would be inconvenienced if trial were held in Wayne County than if the case were to be transferred to Tuscola County.

Based on the above findings, we conclude that the Wayne County trial judge did not abuse his discretion in holding that defendant had carried its burden of making a persuasive showing of inconvenience and granting a change of venue to Tuscola County. In reaching this conclusion, we note that the situation in this case is clearly distinguishable from cases in which this Court has found an abuse of discretion in the granting of a change of venue under GCR 1963, 403. In *Brown v Hillsdale County Road Comm*,[4] This Court found that the trial court had abused its discretion in transferring a case from Wayne County to Hillsdale County where both counsel and thirteen of seventeen witnesses were from the Detroit metropolitan area and the plaintiff alleged facts that indicated he would be prejudiced and inconvenienced by the transfer.

In the within case, the Wayne County trial judge found that many of the possible witnesses resided in Tuscola County. We refuse to require the trial judge to make specific findings as to who will be the actual witnesses used at trial when he addresses a motion for change of venue early in the litigation process. Here, the trial judge used common sense in making pragmatic inferences concerning the inconvenience to the witnesses and the parties if the case were litigated in Wayne

[4] *Brown, supra.*

County. The trial judge's logical inferences on the inconvenience to many of the potential witnesses clearly distinguish this case from the *Brown* situation.

In *Duyck v International Playtex, Inc,*[5] this Court found an abuse of discretion when the trial court transferred a case from Wayne to Macomb County where both counsel had offices in Wayne County, the defendant was located out of state, and thus had no preference base on convenience as to either county, plaintiff was located closer to Wayne County, the distance between the two courthouses was only nine miles, the trial court had expressed a desire to stop plaintiff's forum shopping and to keep suits out of Wayne County, and the witnesses were unknown. In the within case, the distance between the Tuscola and Wayne County courthouses is approximately nintey miles, many of the inferrable potential witnesses resided in Tuscola County, and the judge gave no indication that he was transferring the case to keep suits out of Wayne County to clear that court's crowded docket.

The situation in this case is much more closely analogous to that in *Hunter v Doe.*[6] In *Hunter,* it was held that the trial court did not abuse its discretion in transferring the case from Wayne to nearby Oakland County where the alleged battery occurred in Oakland County, and seven of the eight defendants resided in Oakland County. This Court concluded that inconvenience for purposes of GCR 1963, 403, was apparent from these facts. We are convinced that the facts in this case present a stronger situation of inconvenience to the parties and witnesses than that in *Hunter.* The

[5] 144 Mich App 595; 375 NW2d 769 (1985).

[6] *Hunter, supra.*

Wayne County trial court did not abuse its discretion in transferring this case to Tuscola County.

In its written opinion, we note that the Wayne County trial judge did state that the testimony of the parties' expert witnesses who did not reside in Tuscola County could be presented through depositions conducted elsewhere. Furthermore, in transferring the case, the trial court noted that the Tuscola County trial courts had previously handled litigation related to this accident and might have some expertise in the matter. Upon reviewing the trial court's entire findings, it appears that these two observations were not used as factors in ruling on defendant's motion under GCR 1963, 403. The trial judge did not impermissibly consider factors other than the "convenience of the parties and witnesses" in transferring the case.

We are especially convinced of our conclusion that the trial court did not abuse its discretion in transferring this case in light of plaintiff's inaction after the change of venue. Plaintiff failed to apply for leave to appeal the trial court's order granting change of venue to Tuscola County. An entire two-week trial was subsequently conducted in Tuscola County without significant inconvenience to plaintiff, and a judgment was entered. Allowing plaintiff to now allege an improper change in venue in order to gain a new trial would cause great inefficiency in the court system. Plaintiff's failure to apply for leave to appeal, although it may not technically violate MCL 600.1645; MSA 27A.1645, which deals with the failure of a party to move for a change of venue prior to judgment, certainly violates the spirit of that statute, which provides:

> No order, judgment, or decree shall be void or voidable solely on the ground that there was improper venue.

Plaintiff's inaction further convinces us that the trial judge did not abuse his discretion in transferring the case to Tuscola County. Thus, since venue was properly transferred to Tuscola County, we must address plaintiff's other five issues raised on appeal.

On appeal, plaintiff argues that the trial judge erred in allowing defendant to introduce evidence concerning complications during plaintiff's birth and denying admission of plaintiff's evidence indicating his birth had been normal. The record indicates that the evidence introduced, or sought to be introduced, concerning plaintiff's birth was only relevant to the issue of assessing damages. Defendant sought to establish plaintiff's pre-accident physical and mental condition in order to minimize the jury's possible damage award. However, the jury returned a verdict of no cause of action on the negligence and implied warranty claims and, thus, never reached the issue of assessing damages. Therefore, even if the trial judge erred in his rulings on the evidence surrounding plaintiff's birth, such an error was irrelevant and harmless in this case. The alleged error provides no basis for reversing the jury verdict.

Plaintiff next argues that the trial judge erred in refusing to admit into evidence a promotional brochure issued by defendant concerning the bus chassis involved in the accident. Before trial, a hearing was held addressing the question of the admissibility of the brochure relative to each of the three theories of liability included in plaintiff's complaint: express warranty, implied warranty and negligence. At the conclusion of the hearing, the trial judge indicated that one statement in the brochure offered to support plaintiff's claim of a breach of express warranty appeared to be mere

puffing and very prejudicial to defendant. The statement at issue provided:

> 1963 Ford school bus chassis have been designed to provide the utmost safety and reliability for carrying the nation's most precious cargo, school children.

However, the trial judge concluded that he could not rule on the admissibility of the brochure without the development of evidence at trial. He then ruled that the admissibility of the brochure depended upon plaintiff's proofs at trial.

Plaintiff offered the brochure into evidence at the close of his case, but failed to mention his claim of a breach of express warranty during opening arguments and failed to present any evidence supporting such a claim. In fact, even in moving to admit the brochure into evidence, plaintiff based his motion on the brochure's relevance to his claim of negligence. The trial judge again delayed ruling on the admissibility of the brochure on plaintiff's negligence claim in order to give the parties a chance to stipulate to which statements in the brochure were admissible.

Before presenting its case, defendant moved for a directed verdict on the issue of a breach of an express warranty. Plaintiff conceded, without objection, that defendant was entitled to a directed verdict. Now, on appeal, plaintiff wishes to reassert his claim based on an express warranty. However, plaintiff abandoned this issue at trial. Therefore, we refuse to rule on the admissibility of the brochure, as to defendant's express warranty claim since the trial judge never made a final ruling on this issue and plaintiff conceded to a directed verdict on the express warranty claim.

During cross-examination of one of defendant's

witnesses, plaintiff moved to admit one sentence from the brochure relevant to the issue of proper maintenance of the brake system. The trial judge allowed this sentence to be read to the jury, since defendant had presented evidence to the effect that the school district's improper maintenance of the brakes was the sole proximate cause of the accident. At the close of all proofs, plaintiff again offered the entire brochure. The trial judge then ruled that the brochure was irrelevant, highly prejudicial and inadmissible except for the one sentence already admitted.

A trial judge's decision on the relevancy and the inflammatory prejudicial effect of evidence under MRE 401 and MRE 403 will not be set aside absent the showing of a clear abuse of discretion.[7] Upon reviewing the record and the brochure that includes descriptions of the entire bus chassis and all the safety features involved, not just the brake system, we conclude that the trial judge did not clearly abuse his discretion in finding the remainder of the brochure to be irrelevant and highly prejudicial to defendant. Plaintiff asserts only that the brochure was relevant because it showed that defendant knew of the risks of designing a defective school bus. The probative value of the brochure, with respect to defendant's claims of negligence and breach of implied warranty and as rebuttal to defendant's claim of improper maintenance, beyond the admitted sentence concerning maintenance, was negligible.

Next, plaintiff argues that the trial judge erred in not allowing plaintiff's expert witness to give his opinion as to whether defendant's use of a four-inch brake shoe in its chassis was reasonably safe and fit for the purposes of a school bus. Just

[7] *Granger v Fruehauf Corp*, 147 Mich App 190; 383 NW2d 162 (1985).

prior to asking for his expert's opinion on this matter, plaintiff had the expert compare the safety provided by a four-inch brake shoe with the safety provided by the four-and-one-half-inch brake shoe that allegedly was called for in Ford's production manual. Upon plaintiff's asking for the expert's opinion, defendant objected on the ground that no foundation had been laid establishing that the four-inch brake shoe examined and discussed by the expert and installed on the bus at the time of the accident was the same type of brake shoe on the chassis of the bus when it left defendant's control. The trial judge sustained the objection. Plaintiff then decided not to attempt to lay a proper foundation for the expert's opinion and ended his examination of that witness.

On appeal, plaintiff alleges that the trial judge erred in sustaining defendant's objection because defendant had admitted in its opening statement that the chassis left its control with a four-inch brake shoe. During its opening statement, defendant stated:

> The school—pardon me, the brake system that was put on it at the time of the accident was in general the brake system that was put on it when it left the control of Ford Motor Company. But obviously, and you will learn that it has been through some long history of maintenance, repairs, replacements, whatever, during that six years of its life.

Plaintiff argues that this statement bound defendant and dispensed with the need for formal proofs that Ford had installed four-inch brakes. Plaintiff's argument is without merit. The general statement made during defendant's opening statement was not a distinct, formal, solemn admission which was made for the express purpose of dis-

pensing with formal proof of a fact. Thus, defendant was not bound by the statement.[8]

Plaintiff was required to provide a proper foundation for admission of his expert's opinion. Plaintiff failed to offer proof that the four-inch brake shoe examined and discussed by the expert was the same type of brake shoe installed by defendant. The trial judge properly did not allow the expert witness to give his opinion on the propriety of defendant's installation of this type of brake shoe on the bus chassis.

Plaintiff goes on to argue that defendant raised a new and surprising defense by challenging the lack of foundation for the expert's opinion and that reversal is required. Plaintiff claims that defendant was essentially arguing that it had originally installed a four-and-one-half-inch brake shoe. However, defendant was not presenting this new defense in asserting its objection to the expert testimony. Defendant merely desired that plaintiff provide a proper foundation linking the four-inch brake shoe examined and discussed by the expert to the type of brake shoe on the bus chassis when it left defendant's control. In light of defendant's disclosed defense of improper brake maintenance, it was important that plaintiff establish that the brake shoe examined by the expert was substantially the same as the brake shoe installed by defendant.

In addition, upon our examination of the entire trial record, it is obvious that defendant was not asserting a new defense. Defendant's expert witness testified that defendant installed a standard four-inch brake shoe. During closing argument, defendant admitted that it had installed a four-inch brake shoe and argued that this brake shoe

[8] See *Michigan Health Care, Inc v Flagg Industries, Inc,* 67 Mich App 125, 129; 240 NW2d 295 (1976).

was proper standard equipment. Plaintiff's claim that defendant asserted a new defense is without merit.

Plaintiff next argues that the trial judge erred in allowing defendant's expert witness to give his opinion on the distance that it would take to stop the bus by application of the independent parking brake. An expert witness can give opinion testimony.[9] The basis of an expert's opinion testimony may be facts perceived by or made known to him before the hearing, and the trial court may require that the factual basis for an expert opinion be in evidence.[10]

In allowing defendant's expert to give his opinion on the distance in which the parking brake could stop the bus, the trial judge specifically required the witness to base his opinion on tests conducted at twenty miles-per-hour. The witness had previously testified that he had personally observed such tests. The court did not allow the witness to base his opinion on reports of tests conducted by others at thirty miles-per-hour which were not in evidence. The expert witness then testified that, in his opinion, application of the parking brake could have stopped the bus before it entered the intersection where the accident occurred. The trial court properly admitted this expert opinion testimony under the applicable rules of evidence.

Plaintiff goes on to assert that, even if defendant's expert's opinion testimony was properly admitted, it presented a new and surprising defense requiring reversal. This argument is without merit. The opinion testimony concerning the parking brake was clearly admitted for the sole purpose of proving that defendant had designed a safe

[9] MRE 702.
[10] MRE 703.

bus chassis which had two separate adequate braking systems. The expert witness, upon cross-examination, specifically denied that the bus driver should have applied the parking brake or that the failure of the driver to use the parking brake was the sole proximate cause of the accident. Before presenting the opinion evidence, and again during closing argument, defendant expressly denied such a claim and made it clear to the jury that no such defense was being presented. Defendant stated that its only defense was that the sole proximate cause of the accident was the failure of third parties to properly maintain the bus brake system on the safely designed and manufactured bus chassis.

In addition, the trial court's subsequent jury instruction that defendant should prevail if the jury found that the conduct of the Vassar Public School System, or other persons who were not parties to the suit, was the only proximate cause of the accident did not prejudice plaintiff. The jury instruction pertained only to the defense that the sole proximate cause of the accident was the failure of third parties to properly maintain the brakes. In light of the facts noted above, the jury was clearly aware that this instruction did not apply to the bus driver's conduct. Therefore, the trial judge's proper admission of the expert's opinion on the parking brake system does not require reversal.

Finally, plaintiff argues that the trial judge erred in his instructions to the jury concerning the existence and nature of defendant manufacurer's duty and the owner's (Vassar Public School System) duty to maintain the bus after it left defendant's control. Defendant's sole defense to plaintiff's claim was that the owner's improper maintenance of the bus was so gross and unforeseeable as

to constitute the sole proximate cause of the accident. Defendant claimed that it had not breached its duty to design and manufacture a bus chassis which was safe under all reasonably foreseeable circumstances (including foreseeable lapses in regular maintenance procedures on the part of the owner).

The record indicates that the trial judge first instructed the jury that:

> The Defendant had a duty to use reasonable care in designing and/or manufacturing the braking system on the 1963 Ford School Bus Chassis so as to eliminate all risk of harm or injury which were reasonable and foreseeable. A failure to fulfill that duty is negligence.

The trial judge later instructed the jury that:

> If you decide that the Defendant Ford Motor Company was negligent and/or breached implied warranties, and that such negligence or breach of warranty was a proximate cause of the occurrence, it is not a defense that the conduct of other persons who are not parties to this suit also may have been a cause of this occurrence. However if you decide that the only proximate cause of the occurrence was the conduct of Vassar Public Schools or other persons who are not parties to this suit, then your verdict should be for the Defendant.
>
> I charge you members of the Jury that the law does not charge a manufacturer with the duty to properly maintain a vehicle after the vehicle has been sold. In that regard I also charge you that the Michigan Statutes provide that an owner of a vehicle shall not cause or knowingly permit to be driven or moved on a highway a vehicle which is in such an unsafe condition as to endanger a person, or which is equipped with brakes that have not been properly maintained as to their condition and adjustment.

Plaintiff initially claims that the trial judge improperly paraphrased the Michigan statues concerning an owner's duty to maintain the bus.[11] SJI2d, 12.10, applied by the trial judge as his instruction on this issue, specifically provides that the court may paraphrase the applicable statue. Furthermore, the trial judge's instruction that an owner has a duty not to cause a vehicle to be driven which is equipped with "brakes that have not been properly maintained" accurately stated the law. The applicable statutes require the owner to equip a vehicle with "equipment in proper condition and adjustment"[12] and to maintain all brakes in good working order.[13] The trial judge did not err in paraphrasing the statute.

Plaintiff goes on to argue that the trial judge erred in instructing the jury that defendant manufacturer had no duty to maintain the vehicle after the vehicle was sold. Plaintiff argues that this instruction allowed the jury to conclude that defendant had no duty to foresee a buyer's failure to maintain the bus when it designed and produced the bus chassis. This error allegedly misled the jury and allowed them to conclude that, if the accident was caused in any way by the owner's improper maintenance, defendant could not be held liable.

Plaintiff's argument is without merit when the jury instructions are considered as a whole. As noted above, the trial judge instructed the jury that defendant had a duty to design and manufacture braking systems so as to eliminate all reasonably foreseeable risks of injury. This instruction necessarily included defendant's duty to foresee an owner's normal lapses in providing maintenance

[11] MCL 257.683(1); MSA 9.2383(1), MCL 257.705(c); MSA 9.2405(c).

[12] MCL 257.683(1); MSA 9.2383(1).

[13] MCL 257.705(c); MSA 9.2405(c).

on the brake system and to design and manufacture a product which reasonably eliminates the risk of injury flowing from such foreseeable improper maintenance.

This reading of the jury instructions is reinforced by the later instruction given by the trial court which required the jury to find defendant liable if its conduct, in any way, was a proximate cause of the accident. In order to return with a verdict of no cause of action, the jury was required to find that the owner's improper maintenance was so extreme that defendant could not foresee such conduct on the part of the owner. Only in such a situation would defendant's conduct not constitute a proximate cause of the accident. The trial court then expressly instructed the jury that, in order to find defendant not liable to plaintiff, the jury had to find that the conduct of the owner was the sole proximate cause of the accident.

In light of these clear instructions to the jury, we conclude that the trial judge's instruction that defendant had no duty to maintain the brakes on the bus after it had been sold did not mislead the jury as plaintiff argues. Plaintiff admits that the trial judge was merely instructing the jury correctly that defendant had no duty to physically inspect and maintain the brakes after sale. The instruction did not inject a false issue into the jury's deliberations. When read as a whole, the jury instructions did not lead the jury to believe that, if the owner failed to maintain the brakes in any way and this failure played a part in causing the accident, they could conclude that defendant was not liable to plaintiff.

In addition, we note that the trial judge's instructions to the jury were amply supported by the evidence heard at trial. As previously noted, plaintiff conceded that defendant had no duty to physi-

cally maintain the brakes on the Vassar Public School System bus. Defendant's expert witness testified in detail as to the extreme wear condition of the brake system attributable to a total lack of proper maintenance on the part of the owner. He concluded that the accident had been caused solely by the owner's improper maintenance of the brake system. Furthermore, plaintiff's expert witness testified that the brake system should never have been allowed to get in the condition it was in at the time of the accident. Plaintiff's witness stated that the poor condition of the brake system was attributable to improper maintenance and concluded that proper maintenance could have prevented the accident. Based on this substantial evidence presented at trial to support the defense that the owner's grossly improper maintenance of the bus brakes was the sole proximate cause of the accident, the trial judge properly instructed the jury.

We find no error in the jury's verdict of no cause of action in this case, and we conclude that a retrial of this matter is not required. Therefore, we find it unnecessary to address the two issues raised by defendant on cross-appeal.

Affirmed.

M. J. KELLY, P.J., concurred.

M. R. STEMPIEN, J. *(dissenting)*. I respectfully dissent because I believe the majority's view results in a substantial denial of plaintiff's due process rights. There are two grounds upon which I differ with the majority's decision that the Wayne County trial court's change of venue order was not an abuse of discretion.

First, the Wayne County judge considered improper factors in determining that inconvenience

justified a change of venue pursuant to GCR 1963, 403, now MCR 2.222(A). While the grant or denial of a motion to change venue rests in the sound discretion of the trial court, the burden of establishing inconvenience or prejudice as a ground for a motion to change venue rests upon the moving party. A persuasive showing of inconvenience must be made by that party. *Brown v Hillsdale County Road Comm,* 126 Mich App 72, 78; 337 NW2d 318 (1983); 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 272. It is equally well settled that a plaintiff's choice of venue should be accorded deference. "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp v Gilbert,* 330 US 501, 508; 67 S Ct 839; 91 L Ed 1055 (1947).

GCR 1963, 403, now MCR 2.222(A), sets forth the permissible considerations for a change of venue properly laid. They are limited to either the convenience of the parties and witnesses, or whether an impartial trial can be held. A trial court's exercise of discretion in ruling on a motion for change of venue under this rule is limited to these considerations, and reliance on impermissible considerations will constitute an abuse of that discretion. *Duyck v International Playtex, Inc,* 144 Mich App 595, 600; 375 NW2d 769 (1985).

Here, the Wayne County judge has considered the fact that plaintiff is a resident of Tuscola County. In a case where the plaintiff has selected the forum and energetically opposes a request to change venue, any inconvenience to that plaintiff is waived and is not a proper consideration. Defendant is admittedly situated in Wayne County because that is the locale of its corporate international headquarters and of its principal place of business, including its engineering and product

design and development facilities. Thus, that party can hardly claim inconvenience, particularly in this products liability case which is founded primarily on a claim of defective design, which design and development process took place in Wayne County.

Regarding witnesses, the Wayne County judge pointed out that the accident occurred in Tuscola County, so the witnesses to the accident resided there, as well as some witnesses who would testify regarding damages and a possible witness in support of a defense theory. However, there was no record as to how many of these witnesses actually existed, who they were, or what actual inconvenience would be experienced by any of them. The Wayne County judge found that the location of expert witnesses was not significant in this case. Merely because the injury or event occurred in another county does not justify a change of venue. Similarly, the fact that several of the witnesses to the accident were residents of Tuscola County is not enough to justify a change of venue. Caro, Michigan, the county seat of Tuscola County, is approximately nintey miles from downtown Detroit, where the county seat of Wayne County is located. Considering southeastern Michigan's modern highways and transportation, this distance, standing alone, is not sufficiently burdensome to justify a change in venue from Wayne County, where defendant's design facilities are located.

More importantly, there is no evidence that the Wayne County judge applied the permissible factors contemplated by the court rules as they relate to unfairness, vexatiousness or oppressiveness to defendant. He simply stated his opinion in general, conclusory terms that a greater number of witnesses would be inconvenienced if trial were to be held in Wayne County than would be inconve-

nienced if the case were transferred to Tuscola County. Defendant must show that, because of the distance between the area where the accident occurred and the plaintiff's chosen forum, it will be unable to produce witnesses for trial without substantial hardship. For example, in *Gulf Oil, supra,* the site of the accident was four hundred miles from the court and the litigants could not compel witnesses to attend the trial. Hence, the case would have been tried by deposition, "a condition not satisfactory to court, jury or most litigants." *Gulf Oil, supra,* p 511.

It is also significant that the Wayne County judge considered some matters which have no place in the proper exercise of discretion to change venue. He held that certain witnesses could be deposed and their testimony could be presented by deposition rather than in person. A decision concerning the manner of presentation of proofs, including testimony, is an advocacy decision that is for the parties, not the court, to make. How that advocacy decision is made is not a proper factor for the court to consider when deciding the inconvenience to witnesses under MCR 2.222(A). The trial judge also found that, because there was some prior litigation arising out of the same accident, "chances are better that the trial judge will have acquired some expertise both as to legal and factual issues." Such a consideration is totally outside the plain language of GCR 1963, 403, now MCR 2.222(A), and therefore is impermissible. In this case, in fact, a different trial judge ultimately heard this case, which is the result that should have been expected.

Finally, the chronology of the Wayne County judge's order of August 10, 1977, in relation to the case flow management problems of the Wayne Circuit Court cannot be totally ignored.

The history of docket overcrowding in that circuit in 1977 is well documented. At that time, its record of time from date of filing to date of trial had reached fifty to sixty months. Also well known is the intensive, zealous effort at that time to dispose of some contested jury trials through emphasis on changing venue and remanding cases to lower courts for that reason, rather than for legally permissible reasons. Although that consideration is not stated in the Wayne County judge's order, the chronological association is clearly present. Since the moving party has not made the required persuasive showing of inconvenience in this case, docket congestion in Wayne County should not have been considered by the Wayne County judge at all. *Duyck v International Playtex, Inc, supra,* p 602.

All contested litigation could be said to be inconvenient to all witnesses who must testify. The clear thrust of the court rule herein contemplates the court's interference with the plaintiff's choice of forum on the basis of inconvenience only in those exceptional cases where the weighing of the permissible factors shows decisively such inconvenience as will likely interfere with a fair trial to the defendant as guaranteed by due process of law. In the absence of some compelling reason to change venue properly laid, including considerations of ease of access to proofs, such as the difficulty of producing witnesses and evidence for trial or other proper considerations relating to receiving a fair and impartial trial, the request should have been denied.

The second ground for my dissent from the majority's opinion is that it creates the danger of the precedent of ignoring due process rights whenever a substantial expenditure of legal resources has been made in a case. Here, plaintiff has been

deprived of his right to select a forum for a jury trial because of the consideration of factors other than those permitted under the venue rule. Then, on appeal, the majority would deprive plaintiff of his right to select a forum because of his failure to apply prior to trial for leave to appeal from the Wayne County judge's erroneous order granting change of venue to Tuscola County. As the majority recognizes, there has been no violation of MCL 600.1645; MSA 27A.1645. Venue was proper in Wayne County.

The fact that there has been a significant expenditure of legal resources through the two-week trial should not affect the decision here. Where a plaintiff has been deprived of so fundamental a right as selection of a forum in which to choose a jury because of improper considerations under the venue rule, it is not possible to truly determine whether the plaintiff has been given a fair trial. Plaintiff certainly has been denied the choice of the jury panel from which the jury was chosen, that being a panel composed of citizens who are residents of the urban county in which defendant's product design facility is located. The erroneous change of venue order substituted a jury panel of citizens who are residents of a county which is primarily rural in character.

A number of Michigan cases have established that the analogous right to trial by jury is so fundamental that its denial, even without a showing of prejudice, requires automatic reversal. In the leading Michigan case, *People v Miller,* 411 Mich 321, 326; 307 NW2d 335 (1981), the Supreme Court held that variance by a trial court of the jury pool procedures required reversal even when it could not find prejudice to the objecting party. The Court stated:

[G]iven the fundamental nature of the right to trial by an impartial jury, and the inherent difficulty of evaluating such claims, a requirement that a defendant demonstrate prejudice would impose an often impossible burden. A defendant is entitled to have the jury selected as provided by the rule. Where, as here, a selection procedure is challenged before the process begins, the failure to follow the procedure prescribed in the rule requires reversal. [Citation deleted.]

Several Court of Appeals panels have followed the *Miller* rationale. In *People v Adkins,* 117 Mich App 583, 586; 324 NW2d 88 (1982), the Court, analyzing *Miller,* stated:

Our Supreme Court agreed that there was nothing in the record from which one could affirmatively find prejudice; nevertheless, the Court reversed the defendant's convictions, reasoning that, given the fundamental nature of the right to trial by an impartial jury and the inherent difficulty of evaluating claims of prejudice, a requirement that a defendant demonstrate prejudice would impose an often impossible burden. The Court held that the failure to follow the procedure prescribed in the court rule requires reversal.

See, also, *People v Key,* 121 Mich App 168; 328 NW2d 609 (1983), *Bishop v Interlake,* 121 Mich App 397; 328 NW2d 643 (1983), and *People v Parham,* 28 Mich App 267; 184 NW2d 273 (1970), lv den 384 Mich 803 (1971).

In the present case, Michigan law requires a deference to plaintiff's choice of an urban industrial area forum and the juries in that forum. See *Duyck v Playtex, supra; Brown v Hillsdale County Road Comm, supra.* Plaintiff lost his fundamental right to trial by a jury in the forum of his choice, where venue was properly laid, when the Wayne

County trial court transferred venue. The Wayne
County trial court abused its discretion in granting
a transfer. Although there may be an inherent
difficulty in evaluating prejudice to plaintiff's right
to trial by an impartial jury in the forum of his
choice, the fundamental nature of the right to
trial by jury requires reversal when there has
been a clear abuse of discretion. I believe it is a
fiction to analyze whether a "fair trial" has been
provided plaintiff once a fundamental right to
selection of a forum for choosing a jury has been
denied plaintiff on impermissible grounds, as was
done here. As was recognized by the United States
Supreme Court in *Vasquez v Hillery,* 474 US —;
106 S Ct 617; 88 L Ed 2d 598 (1986), it is impossi-
ble to make such an analysis where so serious a
denial of due process has been made.

Here, a product design issue is involved. Defen-
dant's principal place of business is in the forum
chosen by plaintiff. Given the type of subject mat-
ter involved and the factual questions which often
arise in products liability cases, it is especially
erroneous to deprive plaintiff of an urban forum,
in this case Wayne County, and to require him to
proceed in a rural setting that is foreign to indus-
trialized activities. The trial court has deprived
plaintiff of his right to choose a setting for the
selection of jurors whom he believes would be best
equipped to understand the factual questions of his
case, where no significant inconvenience to the
opposing party has been shown and venue is prop-
erly laid under the court rule.

Both the United States Supreme Court and the
Michigan Supreme Court have recently ruled on
the significance of error involving the fundamental
right of jury composition. In a recent United
States Supreme Court opinion, the Court held that
where a defendant had been indicted by a grand

jury from which members of his own race were systematically excluded reversal of the conviction of the defendant was required. The Court refused to apply a harmless error analysis or to rule that a subsequent fair trial has purged any taint attributable to the erroneous grand jury process. The Court found that a conviction at a fair trial could not cure the taint attributable to a grand jury selected on the basis of race. *Vasquez v Hillery,* 474 US —; 106 S Ct 617; 88 L Ed 2d 598 (1986).

Further, recently the Michigan Supreme Court, after reviewing an order of the Wayne Circuit Court which transferred venue from Wayne County to Macomb Circuit Court, summarily vacated that order and the case was remanded to Wayne County for further proceedings. *Parton v Aco, Inc,* 424 Mich 851 (1985). This Court had refused to grant an application for leave to appeal from a change of venue order. Docket No. 84718, order of July 31, 1985 (unreported). This Court's records show that the basis for this Court's denial of the application for leave to appeal was that the event at issue took place in Macomb County, the residence of the plaintiff was Macomb County, and, medical treatment took place in Macomb County. In view of the fact that, in the instant case, the Wayne County court improperly considered the convenience to plaintiff who had already chosen his forum, this Court cannot ignore the fact that the Michigan Supreme Court has clearly indicated that the reliance on similar considerations in *Parton* were improper.

I would reverse and remand for a new trial in Wayne County.